UNITED STATES of America ex rel. Thomas McCODE

v.

David N. MYERS, Superintendent, State Correctional Institution, Graterford, Pennsylvania.

Misc. No. 2780.

United States District Court
E. D. Pennsylvania.

March 8, 1965.

Paul L. McSorley, (Court appointed), McSorley, Purcell & McSorley, Philadelphia, Pa., for plaintiff.

James C. Crumlish, Jr., Dist. Atty. of Philadelphia County, Gordon Gelfond, Asst. Dist. Atty. of Philadelphia County, Philadelphia, Pa., for defendant.

GRIM, District Judge.

In a habeas corpus petition filed in this court, relator, a state prisoner, contended that his constitutional rights had been violated by:

(1) the alleged denial of assistance of counsel at his preliminary hearing on a charge of murder in 1947 and at the subsequent coroner's hearing

(2) the alleged systematic exclusion of negroes from the grand jury that indicted him

(3) the alleged introduction into evidence of the guilty pleas allegedly made at the preliminary hearing and the coroner's hearing and

(4) the alleged introduction into evidence of a coerced confession

This court directed the respondent to show cause why the petition should not be granted, appointed counsel to represent relator and requested the Clerk of Quarter Sessions of Philadelphia County to furnish the court with the complete record of all the criminal proceedings surrounding relator's conviction of murder and sentence to life imprisonment in 1947. Two hearings were held in this court; relator was present and assisted by counsel at both hearings. At these hearings counsel for relator was permitted to amend the habeas corpus petition to assert an allegation that relator requested the assistance of counsel during the police questioning that resulted in his signing an incriminating statement and that such request was denied in violation of his constitutional rights. See Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).[1] Subsequently relator through his counsel withdrew all the constitutional claims originally asserted in his petition with the exception of the coerced confession issue and elected to

---

1. In Escobedo v. State of Illinois, 378 U.S. 478, 490, 491, 84 S.Ct. 1758, 1765, (1964) it was held that "where * * * the [police] investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment,' Gideon v. Wainwright, 372 U.S. [335], at 342, [83 S.Ct. 792, at 795, 9 L.Ed.2d 799], and that no statement elicited by the police during the interrogation may be used against him at a criminal trial."

seek his release on this coercion issue and the newly asserted lack of counsel during the police interrogation issue.

The District Attorney has filed a Motion to Dismiss the present petition on the grounds that relator has not exhausted his state remedies.

The chief issue in the present case is whether the denial of relator's alleged request for counsel at the time of his questioning by the police and his alleged denial of counsel at the time of signing his incriminating statement vitiated the proceedings against him to the point that they made illegal his plea of guilty. Prior to the filing of the petition in the present case, relator filed three separate habeas corpus petitions in the Court of Common Pleas of Philadelphia County.[2] All three petitions were denied and no appeal from these denials was taken.[3]

█ A close examination of these three petitions discloses that the major issue in the present case, namely was relator deprived of the assistance of counsel during police questioning and/or when he signed a confession, never was presented to a state court for determination. Indeed, it is difficult to see how the issue of the assistance of counsel at this crucial time could have been considered in the state court cases since the decision and opinion of the Supreme Court in Escobedo v. State of Illinois, supra, which is the basis of the present petition, was not filed until June 23, 1964, some three months after the last habeas corpus peti-

tion to the Common Pleas Court was dismissed. Since the state courts have had no opportunity to pass upon the application of the principles of the Escobedo case to the facts of the present case,[4] relator has not exhausted his state remedies and, accordingly, the present petition must be denied. United States ex rel. Drew v. Myers, 327 F.2d 174 (3d Cir. 1964).

██ In a letter addressed to the court after the hearings in this habeas corpus matter, relator requested the court to furnish him a copy at government expense of the stenographer's notes of the habeas corpus hearings at which he was present and testified. Such a request should be granted only when a need for these notes has been demonstrated. See United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964). Relator is not presently pursuing any action questioning the legality or validity of anything that happened at the two hearings in this court. Moreover, relator has not demonstrated any reason why he would need these notes in the prosecution of any future state action. Accordingly, the request for the notes will be denied.

### ORDER

And now, this 8th day of March 1965, the petition of Thomas McCode for a writ of habeas corpus is denied for failure to exhaust state remedies and the request of Thomas McCode for a copy of the transcript of his habeas corpus hearings is denied.

---

2. C.P. 1 June Term, 1962, No. 3015 petition dismissed August 17, 1962
   C.P. 5 June Term, 1963, No. 5096 petition dismissed December 17, 1963
   C.P. 4, December Term, 1963, No. 3650 petition dismissed March 26, 1964

3. Attached to relator's present habeas corpus petition is an alleged copy of a letter from the Prothonotary of the Pennsylvania Supreme Court indicating that relator on July 3, 1964 attempted to appeal from the decision of the Common Pleas Court which had dismissed his habeas corpus petition on March 26, 1964 (Dec. Term 1963—No. 3650). Since relator attempted to file his appeal slightly more than three months after the low-

er court's decision, the appeal was considered untimely. See Act of May 19, 1897, P.L. 67 § 4, as amended, 12 P.S. § 1136.

4. There is no reason to suspect that requiring relator to seek relief in the state trial and appellate courts would be to require a useless act. The Supreme Court of Pennsylvania has indicated that relief is available in a situation "where a request for counsel is rejected and no warning is given of the right to remain silent." Commonwealth ex rel. Linde v. Maroney, 416 Pa. 331, 337, 206 A.2d 288, 291 (1965); Commonwealth v. Patrick, 416 Pa. 437, 206 A.2d 295 (1965).