**UNITED STATES of America ex rel. Thomas McCODE**

v.

**David N. MYERS, Superintendent, State Correctional Institution, Graterford, Pennsylvania.**

**Misc. No. 2780.**

United States District Court
E. D. Pennsylvania.
March 22, 1965.

Paul L. McSorley (Court-appointed), McSorley, Pucell & McSorley, Philadelphia, Pa., for relator.

James C. Crumlish, Jr., Dist. Atty. of Philadelphia County, Gordon Gelfond,

Asst. Dist. Atty. of Philadelphia County, Philadelphia, Pa., for respondent.

GRIM, District Judge.

On March 8, 1965, D.C., 240 F.Supp. 384, the habeas corpus petition of relator, a state prisoner, was denied after hearing by this court for failure to exhaust state remedies. A request by relator that the court furnish him a copy at government expense of the reporter's notes of the habeas corpus hearings was also denied on that day since relator had failed to demonstrate any need for these notes.

On March 11, 1965, relator again addressed a request to this court that he be furnished at government expense a copy of the reporter's notes of the habeas corpus hearings in this court. Relator in his request alleges that "[t]here is a need for those notes as I am going to take the same action to the State Courts, as I presented on testimony before you during the two days I testified in Federal Court."

A request that an indigent be furnished a copy at government expense of a transcript of a habeas corpus proceeding in federal court should be granted only when a need for the transcript has been demonstrated. United States v. Glass, 317 F.2d 200 (4th Cir. 1963); United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964).

Relator has not demonstrated any necessity for the transcript of the hearings in his habeas corpus proceeding in this court. He is not appealing the decision of this court in his case nor alleging any errors in the proceedings in this court. The only justification advanced for imposing this financial burden on the government is the assumed convenience of presenting his evidence in a contemplated state habeas corpus proceeding by means of the federal transcript. It is far from clear that the courts of Pennsylvania would prefer such second-hand evidence over the open court testimony of live witnesses. Moreover the official notes have been transcribed and made a part of the record in this case and as such are public records availa-

ble to the courts of Pennsylvania for inspection if desired. Under these circumstances, it must be held that relator has not demonstrated sufficient need for these notes and, accordingly, his petition must be denied.