**Robert THOMAS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39671.**

Court of Criminal Appeals of Texas.

May 25, 1966.

Rehearing Denied June 25, 1966.

Mike Barclay, Dallas, for appellant.

Henry Wade, Dist. Atty., Kenneth Blassingame, Mike Everett and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery; the punishment, life.

Witness Bloom, proprietress of Bloom's Pharmacy in the City of Dallas, stated that on the day in question the appellant, in company of another Negro male, entered the pharmacy and proceeded to the prescription room. Appellant's companion, armed with a pistol, ordered her to open a cabinet in the prescription room; she complied, and the two men began to rifle the drawers of the cabinet. While his companion held Mrs. Bloom and the two store pharmacists at gunpoint, appellant went to the front of the store and attempted to open the cash register. When he was unable to effectuate this purpose, Mrs. Bloom was ordered to open the cash register for him, at which time she activated the silent burglar alarm. Thereafter, appellant's companion forced her to open the store safe, and after rifling it, he ordered her to lie down. She stated that he then ripped her underclothes off, held the pistol to the side of her head and told her to spread her legs. According to her testimony the appellant then came up stating that he couldn't open the money order register, at which time she

was ordered to open it. She complied and then ran into the prescription room, where she lay down by the two pharmacists until she heard the door close.

The testimony reflected that approximately $900 was taken from the pharmacy.

Mrs. Bloom's testimony was corroborated by Pharmacists Gamble and Castiloon, both of whom identified the appellant as being one of the two men involved. Witness Castiloon testified that at the time appellant's companion attacked Mrs. Bloom, the appellant was standing by the cash register some 15 or 16 feet from the scene of the attack.

The testimony of Officer Griffin, who answered the silent burglar alarm call, revealed that when appellant was arrested fleeing from the scene, he had a white paper sack in his hand containing $32.10 in change and $32.00 in currency in his front pocket.

Appellant's confession was introduced in evidence wherein he recounted that he and his companion decided to "hit" the pharmacy and admitted getting a white sack from under the counter and the money from the cash register. The statement also reflected that he observed his companion attempting to remove Mrs. Bloom's panties.

■ We find the evidence sufficient to support the conviction.

On appeal appellant argues that the statements made by his companion to Mrs. Bloom relative to the attempted attack upon her were inadmissible as hearsay. Appellant objected on the grounds that the statements were made outside his presence.

Appellant's confession reveals that the attack was made in his presence. It also recites that his companion was speaking to him as he was trying to remove Mrs. Bloom's panties. The testimony of the pharmacist placed appellant within 16 feet of the scene of the incident.

The testimony of Mrs. Bloom was to the effect that appellant and his companion successfully sought to have her open the money order box subsequent to the attempt to molest her.

■ We conclude that these facts were sufficient to warrant the admission of the co-conspirator's statements to Mrs. Bloom uttered during the commission of the conspiracy to rob her.

No reversible error appearing, the judgment is affirmed.