**UNITED STATES of America ex rel. Richard J. STUART, Petitioner,**

v.

**H. YEAGER, Principal Keeper, New Jersey State Prison, et al., Respondents.**

**Civ. A. No. 954–68.**

United States District Court
D. New Jersey.

Dec. 3, 1968.

## OPINION AND ORDER

COOLAHAN, District Judge:

 This is an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 et seq., which the court has permitted petitioner to file in forma pauperis. Because of the relief sought by petitioner, who is presently in state custody, the court will treat the matter as arising under 42 U.S.C. § 1981 et seq., the Civil Rights Act. Petitioner, therefore, need not first pursue the relief he seeks in the state courts, but may apply directly to the federal courts. Lane v. Wilson, 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281 (1939); Cooper v. Hutchinson, 184 F.2d 119 3d Cir. 1950).

Petitioner claims that his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments have been abridged

and that he has been denied due process of law, assistance of counsel, equal protection of the laws, protection against cruel and unusual punishment, and protection against the abridgement by the state of privileges and immunities of a citizen of the United States. Petitioner's main complaint is that he was transferred from the State Prison at Rahway to the State Prison at Trenton, and he asks to be returned to Rahway, for reimbursement of expenses he incurred as a result of the transfer, and for an order restraining any New Jersey State Prison official from making "future, irresponsible transfers of petitioner." [1] He complains that his transfer was illegal, in that, among other things:

\*     \*     \*     \*     \*

c–2) [Petitioner was deprived of] his preferred locking assignment \* \* \* which is a larger, more modern, single-occupancy cell with tile walls, outside window with a view of the Recreation Yard and an ample expanse of sky, a large bed with springs, an upright locker as well as a foot locker for clothes and personal property, a desk and chair, and a solid door to reduce outside noise.

\*     \*     \*     \*     \*

c–6) [Petitioner now is located in] a tiny, all metal and concrete cell up on the fourth level of the wing with three sets of bars between him and the window revealing a *view* of the blank wall and roof of an adjoining wing.

c–7) [Petitioner was deprived] of access to the Rahway Prison Recreation Yard (for an approximately equal or smaller inmate population), which is considerably larger and is more attractive in that it contains grassy areas that are not to be found in the Trenton Prison Yard; also, because of the location of the Trenton prison, the Yard here is subject to a much higher degree of air pollution. And petition-er is deprived of access to the Rahway prison Drill Hall and separate television, card and pool rooms; all such activities here at Trenton are impractically combined into one room with much more limited access.

c–8) [Transfer deprived petitioner of] opportunity to have personal underwear, towels and sweatshirts laundered weekly by the Institutional Laundry as is permitted at Rahway; here they must be hand washed in a bucket and hung up to dry on a make-shift clothes line in petitioner's cell. Without the use of personal underwear, etc., to supplement the State issue inmates are limited to three sets of underwear per week and none on laundry day, one all-purpose towel per week and no sweatshirts (used to avoid wearing for recreation a State shirt which is only washed once a week.)

c–9) [Petitioner was deprived of]. opportunity to bring his thermos bottle filled with coffee out of the Inmate Dining Room back to his cell as is permitted at Rahway; here instant coffee, milk and sugar must be purchased from the inmate store and prepared with tap, hot water not available in the cells but obtained with some difficulty, only during mass movements from a utility sink up on the fifth level of this wing.

c–10) Transfer necessitated otherwise unnecessary change of address correspondence by petitioner and at petitioner's expense to three magazines (U. S. NEWS & WORLD REPORT, TIME & PLAYBOY) to which he subscribes \* \* \*

\*     \*     \*     \*     \*

c–12) Transfer is depriving petitioner of the opportunity of viewing new movies shown to all inmates in population and not restricted for medical or disciplinary reasons; after next Saturday \* \* \* four of the following

---

1. It now appears that, after the filing of this application, petitioner was transferred back to Rahway from Trenton. This, in the court's view, does not make the application moot because of some of the relief sought by petitioner, i.e., the restraining order and reimbursement.

five weekly movies scheduled for showing here at Trenton have already been shown at Rahway and been seen by petitioner. Meanwhile, he will be missing movies possibly already shown here and now scheduled for Rahway.

\*　　\*　　\*　　\*　　\*

c–14) Transfer of petitioner, who was without benefit of retained counsel, prevented his entering an appropriate and timely application to the appropriate court for an injunction against the proposed transfer.

c–15) Transfer imposed additional inconveniences and disadvantages upon petitioner (e. g. delayed re-issue of institutional radio earphone, delayed re-issue of State clothing, issue of jacket with button missing, delayed exchange of institution letterheads and envelopes for correspondence, showers only permitted in morning *before* going to Recreation Yard, etc.) but the above listing should suffice.

■　Although the court feels great sympathy for the plight of petitioner, it believes that no constitutional right of petitioner is abridged by a transfer between Rahway and Trenton, pursuant to N.J.S.A. 30:4–85. United States ex rel. Allen v. Yeager, Civil Action No. 740–68 (D.N.J., October 18, 1968). The relief asked must accordingly be denied.

■　The petitioner also asks this court to order the State of New Jersey to present him with copies of the warrant and complaint, a transcript of the grand jury testimony relating to his indictment, the indictment, "the State's petition (to a Federal Court?) for a writ of habeas corpus to obtain my presence in Passaic County while serving a federal sentence," the "Federal writ of habeas corpus granted on above," the transcript of his arraignment, the transcript of his pleading, the transcript of his trial, copies of "any police notes, 'mug shots', teletype messages, etc., referred to in the course of the trial if these are not otherwise automatically included in or with the trial transcript." Among many other documents, he also asks for the transcripts of the New Jersey Supreme Court's consideration of his petition and his counsel's argument on appeal, as well as transcriptions of all proceedings had against him in People of the State of New York v. Richard J. Stuart (Docket Nos. A557, A558, A559—1964) and United States v. Richard J. Stuart, 64 Cr. 339. His specification of these documents takes up approximately eight pages in his petition. Suffice it to say that petitioner has made no showing whatsoever of the materiality of these documents to his petition; in fact, he has failed to set forth the allegations which he hopes to substantiate when given access to these documents. His request must accordingly be denied. See United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964); United States ex rel. McCode v. Myers, 240 F.Supp. 384 (E.D.Pa. 1965).

■　He further petitions the court to investigate the system in Rahway State Prison by which library time is allocated to prisoners and asks to be provided with all legal reference texts, opinions, etc., as he may reasonably require for the preparation of this and any future petitions which he may desire to file. Petitioner asks the court as well to provide a "prison staff member" who will help him make use of all the available legal materials and to advise him as to "proper legal forms and courses of action." These requests must likewise be rejected as without merit.

■■　His application for assignment of counsel by this court must also be denied. It is well settled that there is no constitutional right to representation by counsel in civil proceedings in the federal courts. As the court noted in United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 715 (2d Cir. 1960), that rule has much to commend it since "a very large proportion of applications of this kind submitted to the federal courts are utterly frivolous." The Second Circuit could well have used the present application by petitioner to support that statement.

It is, therefore, on this 3rd day of December, 1968, ordered that the application of petitioner Richard J. Stuart be and is hereby dismissed. The court finds that there is no probable cause for appeal.