**UNITED STATES of America ex rel. Richard J. STUART, Appellant,**

v.

**H. YEAGER, Principal Keeper, New Jersey State Prison.**

**No. 18494.**

United States Court of Appeals, Third Circuit.

Submitted on Briefs Oct. 23, 1970.

Decided Nov. 30, 1970.

Richard Stuart, No. 44530, for appellant.

Eugene T. Urbaniak, Deputy Atty. Gen. of New Jersey (George F. Kugler, Jr., Atty. Gen. of New Jersey, Trenton, N. J., on the brief), for appellee.

Before McLAUGHLIN, FREEDMAN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

■■ This case challenges a District Court order denying a petition for a writ of habeas corpus filed on October 28, 1969. The petition was denied on the ground that it attacked (par. 5 of the petition) a sentence of one year imposed by the New York Supreme Court on August 10, 1964, which had been served [1] prior to the imposition of the sentence of July 29, 1965, by the Passaic County, New Jersey, criminal court under which relator was confined on October 28, 1969.[2] The District Court correctly pointed out in its opinion that 28 U.S.C. § 2254(a) gives the federal courts jurisdiction of "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he *is* in custody in violation of the Constitution or laws * * * of the United

1. Relator completed service of his New York sentence of 8/10/64 on 9/10/64 (see paragraph 3 of his Application for a Certificate of Probable Cause filed in Misc. No. 1429). The history of relator's experiences with the criminal law in New York, New Jersey, and federal courts is referred to in United States ex rel. Stuart v. Yeager, 293 F.Supp. 1079 (D. N.J.1968), aff'd. 419 F.2d 126 (3rd Cir. 1969). Cf. Stuart v. Pinto, D.N.J. # 1212–68. Opinion of 1/23/69, aff'd. 419 F.2d 126 (3rd Cir. 1969); United States ex rel. Stuart v. Pinto, D.N.J., No. 1211–68, Opinions and Orders of 12/19/68 and 1/16/69, appeal dismissed by order of 5/29/69 and rehearing denied by order of 8/20/69 (3rd Cir. No. 17,933).

2. The numerous documents attached to the petition state that relator was in federal custody in July 1965 before and after he was taken to the Passaic County jail for purposes of the criminal proceedings leading to the sentence of July 1965, which he commenced serving in September 1966. A careful examination of the lengthy petition with attachments has failed to show that relator was ever arrested under the Passaic County charge, so that Rule 3 :7–10(h) of the New Jersey Crim.Prac. Rules is inapplicable to the facts presented by this record. In his application to this court for a certificate of probable cause, relator complained of "the aborted

New Jersey evidence suppression hearing and the admission at the New Jersey trial of testimony from a New York City police officer and evidence derived from the erroneous New York conviction * * * [and] the possible adverse effects of the New York conviction with respect to the New Jersey sentences and subsequent conditions of petitioner's imprisonment affecting time served and parole opportunities." The United States District Court for the District of New Jersey denied a Petition for a Writ of Habeas Corpus challenging the "suppression hearing," among other matters, in an unreported opinion of 1/6/70 (Civil Action 1272–69) and a certificate of probable cause was denied by this court on 4/8/70 (Misc. Record No. 1657). Also, there is no indication in this record that relator has exhausted his state remedies under the New Jersey Post Conviction Relief Rules (N.J.Rules 3 :10A–1 et seq.) with relation to "the possible adverse effects of the New York conviction with respect to the New Jersey sentences and subsequent conditions of petitioner's imprisonment affecting time served and parole opportunities." See 28 U.S.C. § 2254; cf. Nelson v. George, 399 U.S. 224, 229–230, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970). In addition, the above-quoted language was not in the record before the District Court.

States" (emphasis supplied). Relator does not allege that he is now or was on October 28, 1969, "in custody in violation of the Constitution or laws" of the United States but that he was in such custody prior to July 1965. See Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

The order of the District Court will be affirmed.

FREEDMAN, Circuit Judge, deeming the facts too obscure to warrant a determination of the effect of New Jersey Rule 3:7–10(h), nevertheless concurs in the affirmance of the order of the District Court because it appears that appellant has not exhausted his New Jersey postconviction hearing remedies.