**UNITED STATES of America ex rel. Hezekiah THOMAS**

v.

**Saul BOOKBINDER, Supt.**

and

**Arlen Specter, District Attorney.**

Civ. A. No. 70–925.

United States District Court, E. D. Pennsylvania.

May 6, 1971.

---

Hezekiah Thomas, in pro. per.

Arlen Specter, Dist. Atty. for Philadelphia County, Mark Sendrow, Asst. Dist. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

BODY, District Judge.

Before the Court is the motion of defendant Arlen Spector to dismiss as to him the complaint of Hezekiah Thomas in his action under the Civil Rights jurisdiction statute, 28 U.S.C. § 1343, for failure to state a cause of action upon which relief can be granted. Fed.R.Civ. P. 12(b) (6).

Plaintiff Thomas in this action[1] claims that he has been denied under color of law his rights under the Constitution and laws of the United States. Specifically with regard to defendant Specter, plaintiff has alleged harassment by the defendant's ordering the transfer of plaintiff Thomas from the State Correctional Institution at Pittsburgh to the Holmesburg Prison in Philadelphia. Plaintiff prays for injunctive relief to prevent this alleged harassment and requests this Court to "grant any other action in accords with justice."

There is ample precedent in this District to allow for the dismissal of a Civil Rights Action by a state prisoner on a motion to dismiss under Fed. R.Civ.P. 12(b). Patterson v. Bates, Civil Action No. 70–2491 (E.D.Pa., March 19, 1970); United States ex rel. Dyer v. Faragelli, Civil Action No. 70–174 (E. D.Pa., March 11, 1971). But in order to

---

1. Plaintiff is no stranger to this Court. He has pending before this Court several other actions under the Civil Rights Act: Civil Action Nos. 68–2021; 69–1211; 69–1259; 69–1324; 69–1325; 69–1419; 69–1728.

grant defendant's motion, we must find, after viewing all issues and resolving all doubts in favor of the plaintiff, that the complaint states no valid claim for relief. 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1357 (1969). In this case, that standard is clearly met and we will dismiss the complaint as to defendant Specter.

It is clear that a prison transfer such as had occurred here violates no constitutional right of plaintiff and his Civil Rights Action must fail on this ground alone. United States ex rel. Stuart v. Yeager, 293 F.Supp. 1079 (D. N.J.1968), affirmed 419 F.2d 126 (3d Cir. 1969), cert. denied 397 U.S. 1055, 90 S.Ct. 1400, 25 L.Ed.2d 673 (1970). See also Petition of Peiffer, 193 Pa.Super. 476, 166 A.2d 325 (1960).

Further, the authority to transfer prisoners in Pennsylvania does not reside with any district attorney and hence, if plaintiff Thomas wishes to complain of a prison transfer, it would appear that District Attorney Specter is an inappropriate party to name as a defendant. 61 Pa.Stat.Ann. §§ 72–82.

With regard to injunctive relief, it would appear that this case has been mooted by the retransfer, according to defendant Specter, of plaintiff Thomas to the State Correctional Institution at Pittsburgh. Since the original transfer from Pittsburgh was plaintiff's sole ground for complaint against defendant Specter, the retransfer should entirely remove plaintiff's source of complaint.

With respect to the possibility that plaintiff may be seeking damages from the defendant, District Attorney Arlen Specter is clearly immune from suit when acting, as here, in his capacity as a state official. Gaito v. Ellenbogen, 425 F.2d 845 (3d Cir. 1970).

Accordingly, we will grant defendant's motion to dismiss under Fed.R.Civ.P. 12(b) (6).