**C. Gary ROGERS, Plaintiff-Appellee,**

v.

**S. Morgan SLAUGHTER, as Clerk of the Municipal Court of the City of Jacksonville, Florida, et al., Defendants-Appellants.**

**No. 71-2202**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 21, 1972.

James C. Rinaman, Jr., Gen. Counsel, David U. Tumin, C. E. Nilson, Jacksonville, Fla., for defendants-appellants.

Russell H. Showalter, Jr., Duval County Legal Aid Assn., Jack G. Hand, Jr., Jacksonville, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

This case concerns that portion of a federal district court order requiring that all references to a conviction which was overturned on constitutional grounds be struck from the city's official records. We conclude the order was overbroad.

Appellee Rogers, a Duval County public school teacher, accidentally fired a

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

pistol he had brought to school, was subsequently convicted in Jacksonville Municipal Court of "discharging a firearm," elected to pay a $251.00 fine rather than serve fifty days in jail, and soon after tendered his resignation to the School Board.

Rogers sought relief from this conviction in the United States District Court on the ground that he had not been advised of his right to counsel. The Court declared the conviction unconstitutional. and ordered that appellants strike and expunge from both the School Board records and the municipality's records any reference to his arrest, trial, or conviction.

Appellants dispute neither appellee's standing nor the lower court's conclusion that the conviction was unconstitutional. They object only to that portion of the order requiring the alteration of public records.

We pretermit, therefore, any consideration of the application of Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), to this case in which only a fine was assessed and assume the correctness of the District Court's determination that Rogers' conviction should be set aside.

The District Court, nevertheless, went too far in ordering the expunction of the official public records. This remedy gave the defendant more relief than if he had been acquitted.

 Carrying and discharging a concealed weapon does constitute a crime in Jacksonville, and the Court's privilege to expunge matters of public record is one of exceedingly narrow scope. *See,* *e. g.,* Herschel v. Dyra, 365 F.2d 17 (7th Cir. 1966); Severson v. Duff, 322 F. Supp. 4 (M.D.Fla.1970); Parducci v. Rutland, 316 F.Supp. 352 (M.D.Ala. 1970). Public policy requires here that the retention of records of the arrest and of the subsequent proceedings be left to the discretion of the appropriate authorities. The judicial editing of history is likely to produce a greater harm than that sought to be corrected.

We vacate the order of the District Court and remand for entry of an order which omits those portions of the original order relating to the expunction of the public records.

Vacated and remanded.