493 F.2d 171
 Joe Ed HUDSON, Petitioner-Appellant,
v.
STATE OF ALABAMA, Respondent-Appellee.
No. 73-3467 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 April 24, 1974.
 
 Edwin K. Livingston, Montgomery, Ala. (court-appointed), for petitioner-appellant.
 William J. Baxley, Atty. Gen., David W. Clark, Asst. Atty. Gen., Kent B. Brunson, Legal Research Aide, Montgomery, Ala., for respondent-appellee.
 Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit judges.
 PER CURIAM:
 
 
 1
 Hudson appeals a denial of his petition for habeas corpus following a full evidentiary hearing in which the District Judge found insufficient evidence to support a claim of ineffective assistance of counsel at petitioner's state trial in 1948. The Judge also concluded that the petitioner was barred by laches since he had not been reasonably diligent in asserting his rights. We do not feel that laches should bar the application of constitutional principles, here on plain due process grounds, and therefore reverse the decision of the District Court.
 
 
 2
 Represented by court-appointed counsel, petitioner was convicted in 1948 by a jury of the Circuit Court of Chilton County, Alabama, on two counts of armed robbery. The Court sentenced Hudson to 10 years on the first count and 15 years on the second count. Petitioner completed serving these two sentences in 1970 but is still incarcerated in an Alabama prison serving a 25-year sentence which he received following a 1951 conviction for armed robbery in Lowndes County, Alabama.[1]
 
 
 3
 While there is no record of the two 1948 convictions, there is a certified copy of the minutes included in the evidence submitted at the District Court hearing. The facts as presented by the petitioner and largely supported in the record of the evidentiary hearing indicate that when Hudson was arraigned he entered a plea of not guilty which he never altered during the trial. Hudson met his court-appointed counsel, a well-respected attorney in the County, for the first time on the morning of his trial. His attorney told him that he had just talked to the State Solicitor and had struck a deal whereby the petitioner would receive a 10-year sentence on count one. The petitioner protested and insisted on abiding by his not guilty plea. His counsel reminded him that the two crimes for which he was charged carried the death penalty. The lawyer left and returned an hour later with a promise from the State Solicitor for a 15-year sentence on the second charge. Petitioner again refused to change his plea of not guilty.
 
 
 4
 A jury was impaneled and the indictment for court one was read to them. Petitioner's attorney then explained to the jury the agreement which he had reached with the State Solicitor. Without and evidence ever being produced, the jury left the courtroom and returned shortly thereafter with a verdict of guilty. The jury recommended the 10-year sentence as proposed in the socalled agreement. The same procedure was followed for count two and the petitioner received the recommended 15-year sentence. Petitioner never entered a plea of guilty on either charge.[2]
 
 
 5
 In its order following the evidentiary hearing, the District Judge found that the procedure followed in petitioner's 1948 convictions was not an unusual practice for the time and place. The Judge recognized that at first blush the attorney's failure to question this procedure would justify a conclusion of ineffective counsel. However, he found that a proper understanding of this procedure explained the willingness of an attorney to allow a jury to find his client guilty without any formal presentation of evidence. The District Judge felt that petitioner's 1948 sentences were by consent and this in turn explains why he was so long in challenging their constitutionality.
 
 
 6
 We reject the District Judge's rationalization that a proper understanding of the time and place in which these procedures were used ameliorates the blatant disregard by Hudson's attorney for the rights and wishes of his client. Under the standards of this circuit, Hudson was entitled to counsel reasonably likely to render and rendering reasonably effective assistance. Herring v. Estelle, 5 Cir. 1974, 491 F.2d 125.[3] Hudson's counsel hardly rendered reasonably effective assistance when he informed the jury of the agreement for conviction and sentence which he had made with the State Solicitor, over the defendant's protestation, and when he allowed a conviction without any presentation of evidence. Such total ineffectiveness of assistance as that rendered by Hudson's counsel was clearly not reasonably effective.
 
 
 7
 Laches is not an adequate bar to looking into the constitutional consequences of virtually admitted facts nor granting suitable relief. Antiquity cannot shield such harrendous practice. Further, laches goes to the difficulty of proof, not present in this case. See Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; United States v. Smith, 1947, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610; Hamilton v. Watkins, 5 Cir., 1970,436 F.2d 1323.
 
 
 8
 Since the defendant has served all his time under the two 1948 convictions, we order that both 1948 convictions be vacated and eradicated from his record.
 
 
 9
 Reversed.
 
 
 
 [1]
 Although petitioner has completed serving his two sentences received in 1948, his habeas petition is not moot since the District Court has jurisdiction to pass on a prior conviction even though the sentence has been completely served when there is a definite relationship between the prior conviction and the sentence currently being served. Cappetta v. Wainwright, 5 Cir. 1969, 406 F.2d 1238
 
 
 [2]
 Hudson challenged his 1948 convictions in 1965 through a writ of error coram nobis. A hearing was held but the state court denied Hudson any relief. Judge Varner in his order filed August 7, 1973 made the following observations regarding Hudson's coram nobis hearing:
 '(1) Mr. Hudson did not see his attorney until late Friday, August 6, 1965. This was only two days before the hearing and apparently little was spent at this meeting;
 (2) Mr. Hudson requested several witnesses but the State did not assist him in obtaining said witnesses;
 (3) The evidence indicating that the State's attorney may have misdirected some of the defense witnesses.'
 All of the above facts reise serious questions has to whether Mr. Hudson was afforded due process at the coram nobis hearing.
 
 
 [3]
 The United States Court of Appeals for the Sixth Circuit recently rejected its prior holdings which required a showing of farce or mockery before relief would be granted. The Court stated that 'we must agree with the Courts of Appeals for the Fifth and District of Columbia Circuits, that the 'farce and mockery' test should be abandoned as a meaningful standard for testing Sixth Amendment claims.' Beasley v. United States, 1974, 6 Cir., 491 F.2d 687. In establishing a new standard, the Court held 'that the assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance. It is a violation of this standard for defense counsel to deprive a criminal defendant of a substantial defense by his own ineffectiveness or incompetence.'