Robert THOMAS, Jr., #190254, Plaintiff-Appellant,

v.

Bill SHAW, District Clerk of Dallas County, Defendant-Appellee.

No. 73-2135

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 18, 1974.

Robert Thomas, Jr. pro se.

John B. Tolle, Asst. Dist. Atty., Dallas, Tex., for defendant-appellee.

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM.

Robert Thomas, Jr., presently incarcerated in the Ellis Unit of the Texas Department of Corrections at Huntsville, appeals from an order of the district court dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983 et seq. We vacate and remand.

In his complaint filed below the appellant contends that the "[d]efendant, Bill Shaw, on the *25* day of July 1965, A.D. * * * did then and there unlawfully and knowingly make the following false entry upon the record of his said court and the forestated false entry was certified and forward[ed] to the prison record office. Entry: 'Rape of a white woman,' which said entry *was* and *is* false and said entry does prejudice and injure the rights of Plaintiff Robert Thomas." (Emphasis in the original.) The appellant seeks compensatory and punitive damages and requests injunctive relief "against [the] continue[d] use of the false entry, and removal from plaintiff's records."

█ The district court, without a response or a hearing, dismissed the appellant's complaint construing it to be in the nature of a habeas corpus petition and, as such, the appellant had failed to exhaust state remedies. Because in reviewing the prison record herein we cannot say that the appellant can prove no set of facts in support of his claim which would entitle him to relief, we

must vacate the dismissal and remand for further proceedings. Holland v. Connors, 5th Cir. 1974, 491 F.2d 539. Also see Haines v. Kerner, 1972, 404 U. S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652, and Neal v. State of Georgia, 5th Cir. 1972, 469 F.2d 446.

The appellant in his brief[1] is apparently contesting the documents filed in case number E–8533 JI, wherein he was convicted of robbery after a trial by jury. He was sentenced on June 25, 1966, to life imprisonment. The judgment of conviction was affirmed on direct appeal. Thomas v. State, Tex.Cr. App.1966, 403 S.W.2d 801.

The records in the case *sub judice* reveal, and the appellate opinion substantiates the fact that the appellant was convicted on a charge of robbery. While it does appear that the appellant's codefendant attempted to rape the proprietress of the pharmacy in question, the record tends to reveal that the appellant did not participate in, nor was he charged with such action. However, while the complained-of conviction summary on file at the Texas Department of Corrections also indicates that the appellant is presently incarcerated for robbery, contained therein is one sentence advancing the appellant's contention.[2]

█ Since this court does not sit as a fact finder, Welch v. Beto, 5th Cir. 1968, 400 F.2d 582, we must, on authority of Holland v. Connors, supra, vacate the judgment below for further fact development.

Vacated and remanded.

1. The appellee failed to file a brief in this court.

2. The following sentence appears on page 3, Part V: "Current offense involves the subject and co-defendant robbing a pharmacy at gunpoint and attempting to rape a 46-year-old white female attendant."