QUESTIONS: 1. Does a legally detained defendant have a constitutional right to select the method by which he is to be transported from one state to another? 2. If so, is a sheriff liable for damages resulting from the interstate transportation of a legally detained defendant by a method to which he objects?
SUMMARY: There is no recognized constitutional right for a legally detained defendant to choose or object to the mode of his transportation from one state to another pursuant to the lawful authority to make such a transfer. Forcing a defendant to travel by a means not meeting with his approval will not subject the custodian to liability, absent unusual circumstances. In this opinion I assume that the defendant is being transported pursuant to lawful authority. It is further presumed that by "defendant" you mean pretrial detainee, i.e., one charged with, but not yet tried upon, a crime. Your first question is answered in the negative. I have been unable to find any legal authority recognizing a constitutional right of a defendant in lawful custody to choose the mode of his transportation from place to place. The authority of law enforcement or prison officials to transfer a prisoner from one place of incarceration to another is analogous, however. In such circumstances the law is quite settled that a nonconsensual transfer of an inmate from one prison to another, even across state lines, is not per se unconstitutional. Fajeriak v. McGinnis, 493 F.2d 468 (9th Cir. 1974). Such a transfer does not involve a federally protected right. Hanvey v. Pinto, 441 F.2d 1155 (3rd Cir. 1971). See also United States v. Yeager, 293 F. Supp. 1079 (D.N.J. 1968); aff'd, 419 F.2d 126 (3rd Cir. 1969); cert. denied, 397 U.S. 1055 (1970). It should be emphasized that these cases deal with the authority to transfer, not the mode of transportation. It is the generally accepted rule that as long as a prisoner is lawfully restrained, the custodian will be accorded reasonable discretion in the fulfillment of his legitimate duties. Whirl v. Kern, 407 F.2d 781 (5th Cir. 1968); cert. denied, 396 U.S. 901 (1969). To further analyze your questions it is useful to examine the federal extradition statutes. Title 18 U.S.C. § 3194 provides that "any agent appointed as prescribed in section 3182 of this title who receives the fugitive into his custody is empowered to transport him to the state or territory from which he has fled." The statute does not mention any limitations on the mode of transportation to be used and an examination of the annotations to the 27-year-old law did not evidence the judicial imposition of any such limitation. While I have been able to find no statutes or cases directly dealing with your questions, it seems reasonable to conclude that, absent some compelling concern for the health or safety of the defendant, which your question does not imply, the sheriff can transport him from another state to Florida by any reasonable method, e.g., commercial carrier, without regard to the defendant's personal preference without violating his constitutional rights. Since the defendant has no constitutional right to select the method of transportation, the sheriff's office is not liable in damages to him absent an independently actionable wrong, a matter apparently beyond the scope of your inquiry.