**Albert H. CARTER, Plaintiff-Appellant,**

**v.**

**Ray HARDY, District Clerk of Harris County, Texas, Defendant-Appellee.**

No. 75–3398

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 23, 1976.
Rehearing and Rehearing En Banc
Denied Feb. 25, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Albert H. Carter, pro se.

Carol Vance, Dist. Atty., Joe S. Moss, Chief, Appellate Div., Asst. Dist. Atty., Houston, Tex., for defendant-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

Carter was convicted in 1963 and 1965 by Texas state courts of passing worthless checks. He now contends that these convictions were invalid because he was indigent and was denied counsel. Although he has served the sentences imposed in 1963 and 1965 and those sentences are not being used for enhancement of his current sentence, he seeks in this action under 42 U.S.C. § 1983 to obtain an order expunging these convictions from his record and for declaratory relief that they are invalid.

The district court dismissed Carter's *pro se* complaint on the grounds that a federal court has no authority to mandamus a state official except in aid of its jurisdiction and that Carter's proper remedy is by way of habeas corpus. Although we disagree with the district court's rationale, we believe that it reached the correct result and therefore affirm the dismissal.

■ Inspection of Carter's complaint reveals that he sought not mandamus but merely an "order requiring defendant to expunge the said convictions from all official records within his custody, and for declaratory judgment that such convictions are constitutionally invalid, as well as such other and further relief as may appear just and proper." Appellant claims that he sought by his reference to an "order" a mandatory injunction rather than mandamus. We find this logical in that the term "order" is often used to refer to an injunction. In view of the duty of the courts to read *pro se* pleadings liberally, *e. g., Cook v. Whiteside*, 505 F.2d 32 (5 Cir. 1974), we believe that the complaint must be read

to seek injunctive relief under § 1983. *See Tarlton v. Saxbe*, 507 F.2d 1116, 1120 n. 3 (D.C.Cir.1974); *Russell v. Knight*, 488 F.2d 96 (5 Cir. 1973).

■ Moreover, we find that habeas corpus is not a practical alternative to Carter under the circumstances of this case. Habeas corpus lies essentially to challenge illegal restraint; the writ is not available where the sentence challenged has been fully served and is not being used for enhancement purposes. *E. g., Diehl v. Wainwright*, 423 F.2d 1108 (5 Cir. 1970); *United States ex rel. Stewart v. Yeager*, 434 F.2d 1308 (3 Cir. 1970); *see Hudson v. State of Alabama*, 361 F.Supp. 1102 (M.D.Ala.1973), *rev'd on other grounds*, 493 F.2d 171 (5 Cir. 1974). Since, according to Carter's allegations, he is not presently confined as a direct or indirect result of either the 1963 or 1965 conviction, remission of his claim to habeas corpus would be remission to a dead end.

■ Nevertheless, we find that dismissal of Carter's complaint is mandated by this court's decision in *Rogers v. Slaughter*, 469 F.2d 1084 (5 Cir. 1972). That case involved a federal district court order requiring a court clerk to expunge records of the appellee's arrest, trial, and conviction. On appeal, we held that "the Court's privilege to expunge matters of public record is one of exceedingly narrow scope. [citations]. Public policy requires here that the retention of records of the arrest and of the subsequent proceedings be left to the discretion of the appropriate authorities." 469 F.2d at 1085.

■ The convictions of which Carter complains were obtained in apparent good faith under a statute whose constitutionality is not in issue. *Compare United States v. McLeod*, 385 F.2d 734 (5 Cir. 1967) (arrests and prosecutions for sole purpose of harassment); *Severson v. Duff*, 322 F.Supp. 4 (M.D.Fla.1970) (conviction under "patently unconstitutional" statute). There is no allegation that they are misdescribed in the records in defendant's custody. *Compare Thomas*

**316**

*v. Shaw*, 497 F.2d 123 (5 Cir. 1974) (record of robbery conviction contained false notation indicating involvement in attempted rape). And they are isolated convictions which have no effect whatsoever on this present incarceration. Under the circumstances, we find that Carter's complaint falls outside the "exceedingly narrow scope" of expunction mentioned in *Rogers* and that it fails to state a cause of action under 42 U.S.C. § 1983.

Therefore the judgment is affirmed.