**Joe Oliver CAVETT, Plaintiff-Appellant,**

v.

**Tom ELLIS, County Clerk of Dallas County, and Bill Shaw, District Clerk of Dallas County, Defendants-Appellees.**

No. 76–3118.

United States Court of Appeals, Fifth Circuit.

Aug. 17, 1978.

Michael Lowenberg, Dallas, Tex. (Court-appointed not under Act), for plaintiff-appellant.

John B. Tolle, Asst. Dist. Atty., Henry Wade, Crim. Dist. Atty., Dallas, Tex., for defendants-appellees.

Before THORNBERRY, RONEY, and HILL, Circuit Judges.

THORNBERRY, Circuit Judge.

The appellant, Joe Oliver Cavett, brought this suit under 42 U.S.C. § 1983 seeking (1) a declaratory judgment that five state criminal convictions obtained against him[1] are unconstitutionally invalid, and (2) an order directing clerks of various courts to expunge the records of conviction. The appellant has fully discharged the sentences resulting from the five challenged convictions.[2] The district court dismissed the complaint for failure to state a claim on which relief can be granted. *See* Rule 12(b)(6), Fed.Rules Civ.Proc. Finding ourselves bound by Fifth Circuit precedent, we affirm.

Although previous Fifth Circuit cases have not always distinguished between the two distinct forms of relief requested by the appellant, we will discuss the request for expungement separate from the request for a declaratory judgment.

A. *Expungement.*

■ In *Rogers v. Slaughter*, 469 F.2d 1084 (5 Cir. 1972), the plaintiff argued that a state criminal conviction had been unconstitutionally obtained because he had not been advised of the right to counsel. The district court, agreeing with the plaintiff, ordered that the record of conviction be struck and expunged from various public records.[3] In vacating this part of the district court's order we said:

> The District Court, nevertheless, went too far in ordering the expunction of the official public records. This remedy gave the defendant more relief than if he had been acquitted.
>
> Carrying and discharging a concealed weapon does constitute a crime in Jack-

sonville, and the Court's privilege to expunge matters of public record is one of exceedingly narrow scope. *See, e. g., Herschel v. Dyra*, 365 F.2d 17 (7th Cir. 1966); *Severson v. Duff*, 322 F.Supp. 4 (M.D.Fla.1970); *Parducci v. Rutland*, 316 F.Supp. 352 (M.D.Ala.1970). Public policy requires here that the retention of records of the arrest and of the subsequent proceedings be left to the discretion of the appropriate authorities. The judicial editing of history is likely to produce a greater harm than that sought to be corrected.

469 F.2d at 1085.

It is therefore clear that the *Rogers* holding prohibits a lower federal court from ordering the editing of public records in the general case. Since Cavett has alleged no special circumstance that would take him out of the *Rogers* rule, the district court was clearly correct in dismissing Cavett's request for the expunction of public records.

B. *The Declaratory Judgment.*

■ We believe that the district court was also correct in dismissing the request for a declaratory judgment since under Fifth Circuit precedent an action under 42 U.S.C. § 1983 cannot be used to attack the integrity of a state criminal conviction.

In *Carter v. Hardy*, 526 F.2d 314 (5 Cir. 1976) (Carter I), *cert. denied*, 429 U.S. 838, 97 S.Ct. 108, 50 L.Ed.2d 105 (1976), the plaintiff had been convicted of two state criminal offenses and had satisfied the sentences. The plaintiff sought an "order requiring defendants to expunge the . . . convictions from all official records within his custody and for declaratory relief judgment that such convictions are constitutionally invalid, as well as such other and further relief as may appear just and proper."

---

1. Cavett attacks four state criminal convictions on the grounds that he was not represented by counsel and that the Texas burglary statute was unconstitutional. He attacks a fifth state conviction on the basis of inadequate representation of counsel.

2. Cavett is presently incarcerated as a result of a sixth felony conviction wholly unrelated to the five convictions challenged here.

3. Apparently, the district court also issued a declaratory judgment but the issuance of the judgment was not complained of by the defendants.

526 F.2d at 314. While we only discussed the expungement request in the body of the opinion, we nonetheless affirmed the dismissal of the entire complaint.

In *Carter v. Hardy*, 543 F.2d 555 (5 Cir. 1976) (Carter II), the plaintiff argued that he was entitled to expunction and a declaratory judgment because the state convictions were predicated on an unconstitutional statute. We again held that Carter's complaint failed to state a cause of action.

Finally, in *Hill v. Johnson*, 539 F.2d 439 (5 Cir. 1976), the plaintiff under 42 U.S.C. § 1983 sought to have a discharged state conviction declared unconstitutionally invalid and have it expunged from the court's records. We held that on the basis of *Carter I* the complaint failed to state a cause of action.

It is apparent to us that the plaintiff in the instant case stands precisely in the same shoes as did the plaintiff in *Carter I, Carter II*, and *Hill v. Johnson, supra*. Since the facts of the instant case are identical in all pertinent respects to these cases, our previous decisions control, as under our rule, one panel cannot overrule another panel. We cannot, in good faith, distinguish the present case from the ones cited above.

Although we are compelled by the other cases, we feel it necessary to point out that the other cases affirmed without comment the failure to grant declaratory relief. Recognizing this, we wish to make a few comments in an attempt to supply a rationale for our previous decisions.

■ Stripped to the bone, the plaintiff's action under § 1983 is little more than a habeas corpus action without a custody requirement. We do not believe that § 1983 was meant to be a substitute for habeas corpus when there is no custody. Under 28 U.S.C. § 2254, we have authority to grant habeas corpus relief to persons in custody pursuant to judgments of state courts. This is the Great Writ, and we endeavor to make it available to those suffering under unconstitutional imprisonment. We have, however, refused to extend habeas corpus relief to those not in custody.[4] Under his theory of § 1983, the appellant would have us sit in perpetual review of all criminal decisions. We will not make the appellant's § 1983 action the greater writ by avoiding the custody requirement of § 2254 indirectly while refusing to extend the custody requirement directly. *Cf. Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1972).

Despite our belief that the plaintiff's § 1983 action is an improper attempt to

---

4. For example, in *Carter I* the plaintiff sought relief under 42 U.S.C. § 1983, similar to the relief sought in the instant case. The district court thought that the plaintiff's remedy was properly by way of the writ of habeas corpus. In rejecting this view we stated:

> Moreover, we find that habeas corpus is not a practical alternative to Carter under the circumstances of this case. Habeas corpus lies essentially to challenge illegal restraint; the writ is not available where the sentence challenged has been fully served and is not being used for enhancement purposes. *E. g., Diehl v. Wainwright*, 423 F.2d 1108 (5 Cir. 1970); *United States ex rel. Stewart v. Yeager*, 434 F.2d 1308 (3 Cir. 1970); *see Hudson v. State of Alabama*, 361 F.Supp. 1102 (M.D. Ala.1973), *rev'd on other grounds*, 493 F.2d 171 (5 Cir. 1974). Since, according to Carter's allegations, he is not presently confined as a direct or indirect result of either the 1963 or 1965 conviction, remission of his claim to habeas corpus would be remission to a dead end.

526 F.2d at 315.

*See also Ellis v. Dyson*, 421 U.S. 426, 95 S.Ct. 1691, 1699, 44 L.Ed.2d 274 (1975); *Westberry v. Keith*, 434 F.2d 623 (5 Cir. 1970), *Theriault v. United States ex rel. State of Mississippi*, 433 F.2d 990 (5 Cir. 1970).

Additionally, we have refused to allow collateral attack upon state convictions via the writ of error coram nobis. Although the writ of error coram nobis has been abolished in the civil context, *see* Fed.Rules Civ.Proc. 60(b), the writ still survives with respect to federal criminal convictions under the All Writ Statute, 28 U.S.C. § 1651(a). *Correa-Negron v. United States*, 473 F.2d 684 (5 Cir. 1973), *Rener v. United States*, 475 F.2d 125 (5 Cir. 1973), *Rodgers v. United States*, 451 F.2d 562 (5 Cir. 1971). But since the writ can be issued only by the original sentencing court, *Grene v. United States*, 448 F.2d 720, 721 (5 Cir. 1971), it is unavailable to review state court decisions. *Theriault v. State of Mississippi*, 390 F.2d 657 (5 Cir. 1968), *Thomas v. Cunningham*, 335 F.2d 67, 69 (4 Cir. 1964); *Rivenburgh v. State of Utah*, 299 F.2d 842 (10 Cir. 1962).

avoid the custody requirements of § 2254, we believe the arguments against the use of § 1983 for the purpose of impeaching a completed state criminal conviction far outweigh the possible salutory benefits of such an action.[5] First, we are concerned with finality. The convictions complained of occurred years ago. Cavett apparently did not appeal his convictions nor did he seek collateral review while he was in custody. After Cavett had the opportunity to appeal and collaterally attack the convictions in both state and federal court, and after the sentences had been discharged, the state has a legitimate expectation that it will not be called upon to defend the integrity of convictions that occurred years before. It is certainly possible, if not probable, that during the years, records of past proceedings become lost or destroyed and witnesses become missing or dead. Given this possibility, even a properly convicted felon could wait out the records of a case and then bring his action. This is a luxury that is not allowed in habeas corpus, *see* Rule 9(a), Rules Governing § 2254 cases, but would be available if this action were allowed. Second, we think it is self evident that these suits would consume valuable judicial time better given to other cases.[6] We find that this is especially true since apparently the Texas Court of Criminal Appeals is willing to hear Cavett's suit under its habeas corpus jurisdiction. *See Ex parte Guzman,* 551 S.W.2d 387 (Tex.Cr.App.1977), *Ex parte Langston,* 510 S.W.2d 603, *on resubmission,* 511 S.W.2d 936 (Tex.Cr.App.1974), *Ex parte Burt,* 499 S.W.2d 109 (Tex.Cr.App. 1973). *See also Parris v. State,* 232 Ga. 687, 208 S.E. 493 (1974).

Against these considerations is the plaintiff's argument that if we do not do as he requests, he will be left without a remedy in federal court to contest the validity of the five convictions. We believe this argument begs the question. The question is not whether the plaintiff will be left without a remedy, the question is whether the plaintiff is entitled to a remedy here and now. The plaintiff could have appealed and collaterally attacked each of his convictions, but apparently did not do so. It is simply too much to forego these opportunities and now claim that if we do not entertain his suit, he will go without a remedy.

Since there is no theory upon which the plaintiff can prevail, the district court is affirmed.

AFFIRMED.

---

5. Supposedly, a potential employer would be more likely to hire the six-time felon Cavett because Cavett could produce a judgment from this court declaring that five of those convictions were unconstitutionally obtained. Cavett's argument that five felony conviction bar his voting and holding a state license must fall because he has been convicted of a sixth felony which alone presents these collateral consequences. *See Shepherd v. Trevino,* 575 F.2d 1110 [5 Cir. 1978].

6. We have grave doubts that the clerks of various courts have a real interest in defending the integrity of past criminal convictions, their job being primarily ministerial. *See, e. g.,* Tex.Rev. Civ.Stat.Ann. arts. 1894–1905 (district clerk's duties); arts. 1935–1948 (county clerk's duties); Tex.Code Crim.Proc.Ann. art. 2.21 (duties of district or county clerks in criminal proceedings). Since we hold that the plaintiff's complaint fails to state a cause of action, we need not decide if an Art. III case or controversy exists. *See United States v. Perry County Bd. of Ed.,* 567 F.2d 277, 280 n. 5 (5 Cir. 1973).