# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

Summary Calendar
No. 98-60565

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

VERSUS

UNDRAYE KENYATTA DAVIS,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi

(3:92-CR-97-BN)

June 3, 1999

Before DAVIS, DUHÉ, AND PARKER, Circuit Judges.

PER CURIAM:[*]

     Undraye Kenyatta Davis ("Davis") filed, *pro se*, a Motion for Expungement of all arrest records relating to his arrest and indictment for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The district court granted Davis' Motion. The government appeals. We REVERSE.

## I. FACTS AND PROCEEDINGS

     In 1992, the Drug Enforcement Agency arrested Davis and two other suspects in a "reverse sting" operation. A federal grand jury indicted Davis with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Davis claimed that he was acting as an informant for a local police officer. The police officer confirmed that Davis had operated as an informant in the past and, further, had attempted to contact the officer on the day of the arrest via the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

officer's pager.

The government dismissed the indictment against Davis pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. The government decided not prosecute Davis because of his past record of working as an informant and the likelihood that he would offer his role as an informant as a defense at trial.

Davis filed a Motion to Expunge his arrest records. The district court granted Davis' Motion. The United States appealed. Davis did not file a brief.

## II. ANALYSIS

We review the decision to grant expungement for an abuse of discretion. *See Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 697 (5th Cir. 1997). Further, we evaluate the district court's legal determinations *de novo* and its factual determinations for clear error. *See id.*

The government contends that the district court abused its discretion in granting the order to expunge Davis' record because Davis failed to assert a proper basis for expungement. In *Sealed Appellant*, a panel of this Court stated that to justify expungement of executive branch records, "the party seeking expungement against executive agencies must assert an affirmative rights violation by the executive actors holding the records of the overturned conviction." *See Sealed Appellant*, 130 F.3d at 699. Further, *Sealed Appellant* makes it clear that "the strong presumption is against expungement." *Id.* at 701.

In *Sealed Appellant*, however, the Appellant sought expunction from an overturned *conviction*. In the present case, Davis seeks expunction of records as the result of a *dismissal*. This distinction does not appear to hold any public policy considerations that would require a new standard. In *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972), we stated: "[p]ublic policy requires here that the retention of records of the arrest and of the subsequent proceedings be left to the discretion of the appropriate authorities." *See also Livingston v. United States Dep't of Justice*, 759 F.2d 74, 78 n.30 (D.C. Cir. 1985) ("Dismissal of the complaint, without more, will not justify expungement of the arrest record.").

Davis has not asserted an affirmative rights violation by executive actors. Davis only asserted that "[i]t would be in the best interest of society that his record in this matter be expunged" and "that his record be cleared for employment purposes." These claims do not meet the required showing, an affirmative rights violation, to warrant expungement.

## III. CONCLUSION

For the reasons expressed in this opinion, the district court's order granting expungement of

executive branch records was an abuse of discretion.   The order of the district court is REVERSED.