# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-10502
Conference Calendar

PIERRO JACKSON

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-223

Before KING, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Pierro Jackson, Texas prisoner # 1152599, appeals the dismissal as frivolous of a complaint seeking to expunge his arrest records in four state

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal cases,[1] and he moves for appointment of appellate counsel. The motion for appointment of counsel is denied.

The district court is directed to dismiss a complaint filed by a prisoner against an officer or employee of a governmental entity if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). A complaint is legally frivolous when it is based on an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The dismissal of a complaint as frivolous under § 1915A is reviewed for abuse of discretion. Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998).

A federal court has no authority to issue a writ of mandamus to direct state officials in the performance of their duties. Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973) (mandamus directed at state judicial officials). Neither does a federal court have authority to enjoin state executive officials to expunge matters of public record. Cavett v. Ellis, 578 F.2d 567, 568 (5th Cir. 1978); Carter v. Hardy, 526 F.2d 314, 315-16 (5th Cir. 1976).

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.

---

[1] Although Jackson filed his pleading on the form used for 28 U.S.C. § 2254 petitions, he does not dispute the district court's determination that his suit alleged a civil complaint.