**Otto HILLEN, Plaintiff-Appellant,**

**v.**

**DIRECTOR OF DEPARTMENT OF SOCIAL SERVICE AND HOUSING, et al., Defendants-Appellees.**

**No. 71-2638.**

United States Court of Appeals, Ninth Circuit.

Feb. 23, 1972.

Acts "is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked." Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). State prisoners, as with other civil rights plaintiffs, are not required to exhaust state procedures before seeking federal relief. Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971).

The jail authorities transferred Hillen pursuant to the Western Interstate Corrections Compact, 20 Haw.Rev. Stat. § 355–1. We agree with the district court's view that such a transfer presents no issue related to federally protected constitutional rights of the prisoner. The judgment of the district court is affirmed.

Otto Hillen, in pro. per.

George Pai, Hawaii Atty. Gen., Olden E. Leonard, Jr., Banjamin M. Matsubara, Deputy Attys. Gen., Honolulu, Hawaii, for defendants-appellees.

Before MERRILL, BROWNING and WRIGHT, Circuit Judges.

PER CURIAM:

Hillen, a state prisoner, filed a civil rights complaint challenging the action of his jailers in transferring him from a Hawaii state prison to California's Folsom State Prison against his will. We affirm the district court's dismissal of the action.

The district court gave two reasons in support of its dismissal: (1) Hillen had not exhausted state remedies, and (2) Hillen's complaint failed to state a claim upon which the court could grant relief.

The lower court's invocation of the exhaustion doctrine was misplaced. The remedy provided by the Civil Rights