George **FAJERIAK** et al., Appellants,

v.

Frederick P. **McGINNIS** et al., Appellees.

No. 73–1038.

United States Court of Appeals, Ninth Circuit.

Feb. 11, 1974.

---

George Fajeriak, in pro. per.

John E. Havelock, Atty. Gen., and Ivan Lawner, Asst. Atty. Gen., Juneau, Alaska, for appellees.

Before ELY, HUFSTEDLER and SNEED, Circuit Judges.

## OPINION

ELY, Circuit Judge:

This appeal is from the District Court's Order dismissing a complaint on the ground that it failed to state a claim for which relief could be granted. The appellants sued as a class for declaratory and injunctive relief under 42 U.S.C. § 1983, 28 U.S.C. §§ 1343, 2201–2202.[1] They alleged that they were all prisoners of the State of Alaska, who had been transferred without their consent, without a hearing, and without notice, to prisons outside the state.[2] The prison-

---

1. *See* Gomes v. Travisono, 353 F.Supp. 457 (D.R.I.1973), rev'd in part on other grounds, 490 F.2d 1209 (1st Cir. 1973), wherein the District Court, in a similar case involving out-of-state transfers, noted that while it could properly exercise jurisdiction under 28 U.S.C. § 1343, the court could not issue injunctions against receiving institutions outside the state. Since, however, the prisoners were still in the technical custody of the transferring state, the District Court could order the transferring institution to request the return of the prisoners.

2. The nonconsensual transfer procedure is no longer operative in Alaska, and Alaska's state prisoners are now afforded both a hearing and a right to appeal in respect to their threatened transfer.

ers argued that such interstate nonconsensual transfers violated due process of law. Two of the prisoners specifically alleged that they were transferred because of their religious activities. The plaintiff Gamble alleged that prison officials suspected him of teaching the Black Muslim religion to fellow prisoners, and the plaintiff Rondini alleged that he believed his activities with the Christian Science religion had led to his transfer.

The standard to be applied in determining the propriety of a complaint's dismissal is whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed. 80 (1957). *See also* Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964); Cruz v. Beto, 405 U.S. 319, 321–322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). Furthermore, the allegations of a pro se complaint must be measured by a less stringent standard than a formal pleading drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520–521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1971). Nevertheless, even under the lenient criterion applied to pro se complaints, the appellant's allegation that the nonconsensual transfers were per se violative of their due process rights did not state a claim for relief. This court has previously held that such a transfer, of itself, does not present a constitutional issue. Hillen v. Director of Department of Social Services and Housing, 455 F.2d 510 (9th Cir. 1972), cert. den., 409 U.S. 989, 93 S.Ct. 331, 34 L.Ed.2d 256 (1972); Duncan v. Madigan, 278 F.2d 695 (9th Cir. 1960).[3]

However, as to the two prisoners who alleged that their transfers were ordered only so as to penalize them for their religious activities, a claim for relief has been stated. Their claims are analogous to that in Cruz v. Beto, *supra*, where Cruz alleged he had been placed in an isolation unit in retaliation for his passing out Buddhist religious material. While the prison administrators in *Cruz* had the constitutional authority to order prisoners into solitary confinement units at their discretion, imposing solitary confinement as a penalty to discourage certain religious beliefs was clearly unconstitutional. The Supreme Court held that "reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments without fear of penalty." *Id.* 405 U.S. at 322, 92 S.Ct. at 1081. Here, the routine, interstate transfers could probably be made at the discretion of the prison authorities, but transfers for the sole purpose of penalizing the two prisoners for certain religious beliefs, if such occured, was unconstitutional. Despite the fact that the complaint is inartfully framed, if the belief of Gamble and Rondini that they were transferred only because of actual or suspected religious activities on their part is taken as true, they have stated a claim for relief. *See* Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1971).

The District Court's dismissal Order as to Gamble and Rondini is reversed. As to all other appellants, the Order of the District Court is affirmed.

Reversed in part; affirmed in part.

---

3. In the present case, it is unnecessary for us to enunciate any broad procedural rule for general application in all cases involving the nonconsensual transfer of a prisoner from one institution to another. We therefore express no opinion in respect to such a rule.