**Gerald Lee CLARK, Plaintiff,**

v.

**Park J. ANDERSON, Warden, Oklahoma State Penitentiary, Defendant.**

**Civ. No. 73-77.**

United States District Court,
E. D. Oklahoma,
Civil Division.

Feb. 13, 1974.

Gerald Lee Clark, pro se.

Paul Crowe, Asst. Atty. Gen., Oklahoma City, Okl., Willard M. Gotcher, McAlester, Okl., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

Plaintiff, an inmate in the Oklahoma State Penitentiary, has brought this action under the Civil Rights Act, 42 U.S. C. § 1983, against Defendant Park J. Anderson, former Warden of the Oklahoma State Penitentiary, complaining that acting under color of State law said Defendant deprived Plaintiff of certain of his civil rights in connection with his confinement as a prisoner in said institution.

Plaintiff complains that Defendant practiced reverse penology against him, that he was tortured by computer torture, that he was forced to watch guards kill one Charlie Long in 1960, that he has been maced and gassed by guards, that he has been denied a needed operation and needed dental care and Plaintiff desires to appeal to this Court a decision rendered by the State District Judge of Pittsburg County in a State habeas corpus case filed in said Court by the Plaintiff.

Plaintiff seeks relief herein in the form of money damages in the amount of $500,000,000,000.00; he also requests an Order of the Court enjoining the Oklahoma State Legislature from appropriating any money for any Oklahoma State law enforcers until this case is settled. Finally, Plaintiff requests that he be transferred from State custody to Federal protection.

The Defendant has answered the Complaint denying the allegations thereof. The Court has conducted an evidentiary hearing. The State of Oklahoma has voluntarily produced the Plaintiff in open Court so that he may testify regarding his complaints.

On the evidence presented to the Court the following findings of fact and conclusions of law and decision are made herein:

█ (1) Plaintiff was requested to explain what he meant by accusing the Defendant of practicing reverse penology. The Court is unable to understand his explanation. At any rate the term and the explanation is far too general and meaningless to be a ground to support the relief requested by Plaintiff.

(2) The Plaintiff was invited to explain what he meant by being tortured by computer torture. Again, the Court was unable to understand Plaintiff's explanation. The Plaintiff produced no evidence as to any physical torture to him either by computer or otherwise attributable to the actions of the Defendant or in fact anyone else. Under the evidence the Court concludes that Plaintiff has not been subjected to torture and certainly there is no evidence that the Defendant has ever resorted to practicing torture of any kind on the Plaintiff.

(3) Plaintiff's complaint about Charlie Long being killed by guards some fourteen years ago is not supported by any evidence worthy of belief and particularly there is no evidence of Defendant's participation therein long before he became Warden of the Oklahoma State Penitentiary. Moreover, Plaintiff made no claim that Defendant participated in the alleged murder of Charlie Long. Moreover, approximately a year ago the State District Judge handling the abovementioned habeas corpus case in the State Court filed by Plaintiff took the precaution in view of these same allegations to cause copies of his Petition in said case to be sent to the Oklahoma State Commissioner of Charities and Corrections, the Warden of the Oklahoma State Penitentiary, a supervisor of the State Department of Corrections, and the District Attorney of Pittsburg County, Oklahoma. The Plaintiff informed the Court that he had learned of no results from these referrals. Plaintiff's claim in this connection

holds no merit for the relief he requests herein against the Defendant.

■ (4) The Plaintiff's allegation that he has been maced and gassed was general in nature with no testimony that he specifically was so treated and absolutely no testimony that he was maced or gassed by the Defendant. Plaintiff also produced no evidence as to the dates that he was maced or gassed. Inasmuch as Plaintiff makes no allegation that the Defendant either maced or gassed him, or directed that such be accomplished or participated therein Plaintiff's claim against Defendant in this connection will not support his requested relief.[1]

■ (5) Plaintiff's complaint about medical attention has apparently been solved as he testified that he has recently undergone a needed hemorrhoid operation. Plaintiff does claim to now be in need of dental care but did not testify that he had ever requested the Defendant for the same or had the Defendant ever refused or denied him medical or dental care. Moreover, the Court takes judicial notice of the July, 1973 riot at the Oklahoma State Penitentiary where the inmates burned down all of the medical installations in the institution to include the dental section. The Court has been advised that dental attention is being given in temporary facilities located outside the walls of the institution and that very shortly the new dental section will be functioning in an operation inside the walls of the institution. It is felt that Plaintiff will in due course receive any needed dental care. Plaintiff did not appear to be in need of any emergency dental care nor did he testify that such was the case.

■ (6) Plaintiff's request that this Court entertain an appeal from the decision of the State District Court in connection with his habeas corpus matter must be denied as the Federal Courts are not appellate courts with reference to State Court decisions. The Plaintiff produced no evidence with reference to appealing the State District Court's decision to the Oklahoma Court of Criminal Appeals and the Court is without information in this regard.

■ Based on the foregoing, the Court finds and concludes that Plaintiff's civil rights have not been violated by the Defendant as claimed by Plaintiff and, accordingly, Plaintiff's action should be dismissed and Judgment should be entered accordingly. Plaintiff's requested injunctive relief, in which he requests an Order of the Court enjoining the Oklahoma Legislature from appropriating any funds for law enforcement until his case is settled and that he be transferred from State custody to Federal protective custody is patently without legal merit and should be denied. Plaintiff's request that he be transferred from State to Federal custody is not within any authority possessed by this Court in this private Civil Rights Act case and should also be denied. Hillen v. Director of Department of Social Service and Housing, 455 F.2d 510 (Ninth Cir. 1972) ; Lawrence v. Willingham, 373 F.2d 731 (Tenth Cir. 1967).

---

1. It is the general rule that an official will not be liable in a Civil Rights action unless he directly and personally participates in conduct under color of state law which deprives the plaintiff of rights, privileges, and immunities secured him by the Federal Constitution. Richardson v. Snow, 340 F.Supp. 1261 (D.Md.1972). It is an essential element of a Civil Rights claim that the particular defendant be personally involved in the alleged denial of the Constitutional right. Battle v. Lawson, 352 F.Supp. 156 (W.D. Okl.1972) ; Townes v. Swenson, 349 F.Supp. 1246 (W.D.Mo.1972) ; Campbell v. Anderson, 335 F.Supp. 483 (D.Del.1971).