**Delbert Kaahanui WAKINEKONA, Plaintiff,**

v.

**Nelson K. DOI, Individually and in his capacity as the Lieutenant Governor, State of Hawaii, et al., Defendants.**

**Civ. No. 76–0286.**

United States District Court, D. Hawaii.

Oct. 1, 1976.

Clayton C. Ikei, Honolulu, Hawaii, for plaintiff.

Ronald Y. Amemiya, Atty. Gen. of Hawaii, Michael A. Lilly, Deputy Atty. Gen., Honolulu, Hawaii, for defendants.

MEMORANDUM AND ORDER

WONG, District Judge.

On August 2, 1976, plaintiff appeared before the Program Committee of the Hawaii State Prison for a hearing on the failure of programs at the Maximum Control Unit. As a result of that hearing, plaintiff was selected to appear at a scheduled program classification hearing on August 10, 1976. The August 10th hearing was conducted by

the same persons who presided at the August 2nd hearing. At the August 10th hearing, the board decided that the plaintiff should be transferred to a mainland facility. On August 9, 1976, a complaint for declaratory and injunctive relief was filed. A motion to amend that complaint was filed on September 16, 1976. This motion and defendants' motion to dismiss were heard by this court on September 17, 1976.

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, defendants' motion to dismiss should be treated as a motion for summary judgment.

Under Rule IV of the Supplementary Rules and Regulations of the Corrections Division, Department of Social Services and Housing, State of Hawaii, as approved June 15, 1976, the classification process "never inflicts punishment." The process is to be administered by an "impartial Program Committee composed of at least three members who were not actively involved in the process by which the inmate/ward was brought before the Committee." Furthermore, if the transfer involves a "grievous loss," the inmate is provided the protections of due process set forth in Rules IV(3) and V.

Defendant argues that plaintiff has no federal constitutional right to a due process hearing before an interstate transfer and, therefore, any remedy for violation of state rules and regulations must be sought in the Hawaii State courts. In support of this argument, defendant cites *Meachum v. Fano*, —— U.S. ——, 96 S.Ct. 2532, 49 L.Ed. 2d 451 (1976); *Fajeriak v. McGinnis*, 493 F.2d 468 (9th Cir. 1974); *Hillen v. Director of Department of Social Service and Housing*, 455 F.2d 510 (9th Cir. 1972); and *Padayao v. Thompson*, Civ. No. 74–66 (D.Hawaii 1974).

*Meachum* is not on point because it does not involve a state-created right. In *Meachum*, the Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not entitle a state prisoner "to a hearing when he is transferred to a prison the conditions of which are substantially less favorable to the prisoner, *absent a state law or practice conditioning such transfers*

*on proof of serious misconduct or the occurrence of other events.*" (Emphasis added.) 96 S.Ct. at 2534. However, the court went on to say that

> Our cases hold that the convicted felon does not forfeit all constitutional protections by reason of his conviction and confinement in prison. He retains a variety of important rights that the courts must be alert to protect. *See Wolff v. McDonnell,* 418 U.S. 539, 556 [94 S.Ct. 2963, 2974, 41 L.Ed.2d 935] (1974).

96 S.Ct. at 2538.

*Fajeriak, Hillen,* and *Padayao* also do not address the issue presented in this case because they were decided prior to the promulgation of the Rules and Regulations of the Corrections Division.

The applicable law in this case is *Wolff v. McDonnell, supra.* That case involved the Nebraska Treatment and Corrections Act, which provided for good-time credits and their forfeiture for serious misconduct. The Supreme Court recognized that the Constitution does not guarantee good-time credits. Also, "the Due Process Clause does not require a hearing 'in every conceivable case of government impairment of private interest.' *Cafeteria & Restaurant Workers v. McElroy,* 367 U.S. 886, 894 [81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230] (1961)." 418 U.S. at 557, 94 S.Ct. at 2975. However, the state created the right to good-time credits, and the prisoner's interest in these credits is embraced within the Fourteenth Amendment "liberty." 418 U.S. at 557, 94 S.Ct. 2963. This liberty interest is protected by the Due Process Clause "to insure that the state-created right is not arbitrarily abrogated." 418 U.S. at 557, 94 S.Ct. at 2975. In *Wolff,* the court concluded that

> We think a person's liberty is equally protected, even when the liberty itself is a statutory creation of the State. The touchstone of due process is protection of the individual against arbitrary action of government, *Dent v. West Virginia,* 129 U.S. 114, 123, 9 S.Ct. 231, 233, 32 L.Ed. 623 (1889). Since prisoners in Nebraska can only lose good-time credits if they are guilty of serious misconduct, the determi-

nation of whether such behavior has occurred becomes critical, and the minimum requirement of procedural due process appropriate for the circumstances must be observed.

418 U.S. at 558, 94 S.Ct. at 2976.

As the court noted in *Meachum, Wolff* "is consistent with our approach in other due process cases such as *Goss v. Lopez,* 419 U.S. 565 [95 S.Ct. 729, 42 L.Ed.2d 725] (1975); *Board of Regents v. Roth,* 408 U.S. 564 [92 S.Ct. 2701, 33 L.Ed.2d 548] (1972); *Perry v. Sindermann,* 408 U.S. 593 [92 S.Ct. 2694, 33 L.Ed.2d 570] (1972); *Goldberg v. Kelly,* 397 U.S. 254 [90 S.Ct. 1011, 25 L.Ed.2d 287] (1970)." 96 S.Ct. at 2539.

Thus, the right to a hearing before a fair and impartial board, created by the State of Hawaii, is a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. This court therefore holds that the hearing conducted on August 10, 1976, before a board consisting of the same members that sat on the August 2, 1976 committee, violated plaintiff's constitutional right to due process.

Accordingly, defendants' motion to dismiss is denied, plaintiff's motion to amend is granted, and plaintiff is awarded judgment. Plaintiff is granted a new hearing before an impartial board, but the prayer for damages is denied.