Delbert Kaahanui WAKINEKONA,
Plaintiff,

v.

Antone OLIM, Edith M. Wilhelm, John Smythe, Winton Leong and Edwin Shimoda, Defendants.

Civ. No. 76–0286.

United States District Court,
D. Hawaii.

June 8, 1978.

Clayton C. Ikei, Honolulu, Hawaii, for plaintiff.

Ronald Y. Amemiya, Atty. Gen., State of Hawaii, Michael A. Lilly, Deputy Atty. Gen., Honolulu, Hawaii, for defendants.

## MEMORANDUM AND ORDER

WONG, District Judge.

Defendants have moved for summary judgment pursuant to Rule 56, F.R.Civ.P., seeking a dismissal of plaintiff's First Amended Complaint. Defendants had previously moved to dismiss plaintiff's original complaint, which was denied by this court. Defendants, in effect, are asking this court to reconsider its previous order denying dismissal.

Plaintiff Wakinekona, sentenced to life imprisonment without parole by the Hawaii State court, was an inmate of the Hawaii State Prison confined to the maximum control unit. On August 2, 1976, Wakinekona appeared before a board designated as a Program Committee of the Hawaii State Prison for a hearing, the stated purpose of which was to determine the reason for which the programs at the maximum control unit of the Hawaii State Prison had failed. Three days later, he was served with a written notice that he would have a further hearing to determine his program designation at the Hawaii State Prison, which included a possible transfer to an out-of-state penal facility. On August 10, 1976, a hearing was held on plaintiff's program classification before the same members of the same committee. The committee rendered its decision the next day and thereafter served a written copy of it to the plaintiff. Based on this decision, the plaintiff was transferred to Folsom State Prison in California.

In his First Amended Complaint, plaintiff claims, *inter alia*, that the decision rendered by the committee was violative of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution since it was "rendered by a board the composition of which was biased and prejudicial against the Plaintiff and consisted of persons who were directly responsible for the initiation of said hearing. . . ." Plaintiff further claims that his transfer violated the purpose of the program classification hearing which was governed by state regulations promulgated and issued by the Corrections Division of the Hawaii

State Department of Social Services and Housing.

In its Memorandum and Order dated October 1, 1976, 421 F.Supp. 83, this court held that the hearing conducted on August 10, 1976 before a board consisting of the same members who sat on the August 2, 1976 committee violated plaintiff's constitutional right to due process. This court's holding was based on its reading of *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In that case, the Supreme Court held that although the Constitution does not guarantee good-time credit for satisfactory behavior while in prison, where the state itself provided a statutory right to good time and specifies that it is to be forfeited only for serious misbehavior, the prisoner has acquired an interest which "has real substance and is sufficiently embraced within the Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated. . . ." *Id.* at 2975.

In *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), the Supreme Court held that the Due Process Clause does not protect a duly convicted prisoner against transfer from one institution to another within the state prison system. It asserted that *Wolff* was distinguishable because "The liberty interest protected in *Wolff* had its roots in [Nebraska] state law . . . ." *id.* at 2539, whereas in the *Fano* case, ". . . Massachusetts law conferred no right on the prisoner to remain in the prison to which he was initially assigned, defeasible only upon proof of specific acts of misconduct." *Id.* at 2539.

In its October 1, 1976 Memorandum and Order, this court thought that *Fano* was "not on point because it does not involve a state-created right." It was pointed out that *Fano* held that a state prisoner is not entitled, under the Due Process Clause of the Fourteenth Amendment, "to a hearing when he is transferred to a prison the conditions of which are substantially less favorable to the prisoner, *absent a state law or practice conditioning such transfers on proof of serious misconduct or the occurrence of other events.*" Citing from 96 S.Ct. at 2534, with emphasis added. This court was then of the opinion that the State of Hawaii did create a right to plaintiff to a fair hearing by promulgation of the regulations by the Corrections Division.[1]

After this court issued its Memorandum and Order, the First Circuit Court of Appeals had occasion to address itself to the applicability of *Fano* in the context of prisoner rights created not by a state statute but by state departmental regulations not in effect at the time *Fano* was decided. In *Lombardo v. Meachum*, 548 F.2d 13 (1st Cir. 1977), the pertinent regulations provided that an inmate would receive some type of hearing before his reclassification. The regulations, however, did not impose standards limiting the discretion of prison authorities with respect to prisoner transfers. The Court therefore concluded that the regulations did not create "the kind of substantive interest which is required before a state created 'liberty' interest can be said to exist." *Id.* at 15.

In *Four Unnamed Inmates of Mass. Correctional Institution v. Hall*, 550 F.2d 1291 (1st Cir. 1977), the appellate court reversed the district court's order compelling the prison officials to give inmates notice of charges and disciplinary hearings. The district court was of the belief that the pertinent prison regulations severely restricted the discretion of prison officials to order

---

1. Article IV of the "Supplementary Rules and Regulations of the Corrections Division," entitled "The Classification Process," declares that classification "never inflicts punishment; on the contrary, even the imposition of a stricter classification is intended to be in the best interests of the individual, the State, and the community." The inmate is granted the right to appear during the Program Committee hearing "if a change, modification, or transfer is planned which would result in a grievous loss." The "impartial Program Committee [is to be] composed of at least three members who were not actively involved in the process by which the inmate/ward was brought before the Committee."

transfers in the absence of misconduct. The court of appeals stated:

But this circuit has recently held that the present prison regulations dealing with reclassification do not impose substantive standards on the decision to transfer an inmate. *Lombardo v. Meachum,* 548 F.2d 13 (1977). Freedom from transfer is not a "liberty interest" since an inmate may be transferred at the whim of the Commissioner. Because no "liberty interest" has been infringed by the transfer, due process does not attach, and the district court's order cannot stand.

This court is persuaded that the position taken by the First Circuit Court of Appeals is the correct one and that this court's original Memorandum and Order must be reversed. The prison authorities in Hawaii are granted practically unlimited discretion to transfer state prisoners. Section 353–18 of the Hawaii Revised Statutes provides:

The director of social services shall, with the approval of the governor, effect the transfer of a state prisoner to any federal correctional institution for imprisonment, subsistence, care, and proper employment of such prisoner.

■ The pertinent Hawaii State regulations do not contain standards governing the administrator's exercise of such discretion. Indeed the regulations reserve in the administrator, "as the final decisionmaker," the right to affirm or reverse, wholly or partially, the recommendation of the Program Committee. Since Wakinekona's transfer did not implicate a constitutionally-protected "liberty interest," due process did not attach. The First Claim for Relief alleging a violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution must therefore be dismissed.

■ The First Claim for Relief also alleges a violation of the Hawaii State Constitution. The Second Claim for Relief claims a violation of the state regulations discussed earlier, and the Third Claim for Relief is grounded on an alleged "malicious and willful violation of state law." These claims arise exclusively under the state constitution, regulations, and statute. Here, as in *Lombardo v. Meachum, supra,* the sole basis for the exercise of federal jurisdiction over Wakinekona's state law claim was that, at the time the action was instituted, Wakinekona presented a substantial federal claim, and the state claim arose from the same nucleus of operative facts. In *Lombardo,* the court stated that its holding would require that the state law claims involved in that case be heard in the state court since there was no substantial federal due process claim to which such state law claims may be appended. This court concludes that Wakinekona's state claims must likewise be heard in the state court.

The plaintiff's First Amended Complaint is accordingly dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

So ordered.