Henry William **THERIAULT**, Appellant,

v.

**STATE OF MISSISSIPPI**, Appellee.

No. 25038.

United States Court of Appeals
Fifth Circuit.

March 5, 1968.

---

Harry W. Theriault, pro se.

Guy N. Rogers, Asst. Atty. Gen., Jackson, Miss., for appellee.

Before COLEMAN, AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

This is an appeal from a denial of coram nobis or other relief under the "All Writs Statute", 28 U.S.C. § 1651(a). We affirm.

The appellant petitioned the district court to set aside his 1960 conviction for grand larceny because the Circuit Court of Forrest County, Mississippi, allegedly refused to appoint counsel to represent him, an indigent defendant. The appellant has completed service of that sentence and is not in any way restrained of his liberty because of it.

The appellant has not exhausted his state remedies on his above stated contention. We conclude, however, in any event, that the relief which he seeks in federal court is unavailable to him.

The appellant seeks to invoke the "All Writs Statute", which provides in part that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law". On the basis of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the district court may have had habeas corpus jurisdiction while the appellant was serving the state sentence, but such jurisdiction was never invoked; and the appellant is not now confined nor controlled by authority of that sentence. Cf. United States ex rel. Durocher v. LaVallee, 2 Cir., 1964, 330 F.2d 303, cert. denied 377 U.S. 998, 84 S.Ct. 1921, 12 L. Ed.2d 1048.

Coram nobis has traditionally been a proceeding in a court to attack a judgment of that court for error of fact. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). The appellant, however, is not attacking a judgment of the United States district court, but that of a Mississippi state trial court. Compare United States v. Morgan, supra, and United States v. Forlano, 2 Cir., 1963, 319 F.2d 617, with Gillespie v. United States, 6 Cir., 1967, 376 F.2d 414.

Two other Circuits have held that coram nobis is not available in federal court as a means of attack on a state criminal judgment. Thomas v. Cunningham, 4 Cir., 1964, 335 F.2d 67; Rivenburgh v. State of Utah, 10 Cir., 1962, 299 F.2d 842. We agree.

The judgment of the District Court is
Affirmed.