[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-12484
Non-Argument Calendar

_____

D. C. Docket No. 04-00697-CV-T-27-TGW

ALLEN Z. WOLFSON,

Petitioner-Appellant,

versus

STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 14, 2006)**

Before TJOFLAT, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Allen Z. Wolfson, a federal prisoner serving a federal sentence for securities

fraud in New York, appeals the district court's denial of his pro se application for a writ of error *coram nobis*, under the All Writs Statute, 28 U.S.C. 1651, against the State of Florida. Wolfson challenges convictions entered against him in Florida state court in 1978 for bank fraud and conspiracy to commit bank fraud, for which he eventually served twenty-five months in state prison. He requested that the district court vacate and set aside the 1978 state convictions because they are having "a significant effect" on his "current legal status." Wolfson does not attack the federal conviction for which he is currently imprisoned, but only the 1978 state convictions.

A writ of error *coram nobis* is not available in federal court to directly attack a state criminal judgment. *See Theriault v. State of Mississippi*, 390 F.2d 657 (5th Cir. 1968) (per curiam).[1] Since Wolfson may not attack his 1978 state convictions in federal district court, the district court committed no error in denying his application for a writ of error *coram nobis*.[2]

---

[1]Decisions of the Fifth Circuit rendered on or before September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2]The district court suggests that Wolfson's *coram nobis* petition resembles an ill-fated effort to bring a collateral claim under 28 U.S.C. § 2254 or § 2255 long after the time limitations for bringing such attacks are available, and alternatively held that if Wolfson is attempting to challenge his 1978 convictions under §§ 2254 or 2255, he may not do so now. Wolfson asserts that he does not seek habeas relief. Because Wolfson does not challenge this ruling by the district court on appeal, we deem the issue abandoned. *See United States v. Scott*, 426 F.3d 1324, 1328 (11th Cir. 2005).

**AFFIRMED.**