[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 13-14595
Non-Argument Calendar

D.C. Docket No. 1:11-cv-24627-PAS

RAFAEL ALBERTO LLOVERA-LINARES,

Plaintiff-Appellant,

versus

STATE OF FLORIDA,

Defendant-Appellee.

Appeal from the United States District Court for
the Southern District of Florida

(March 27, 2014)

Before HULL, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Rafael Alberto Llovera-Linares, a released state prisoner proceeding pro se, appeals (1) the district court's dismissal of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. §§ 2241, 2244, and 2254 and (2) the district court's dismissal of his petition for a writ of coram nobis, filed pursuant to 28 U.S.C. § 1651. After review of the record and upon consideration of Llovera-Linares's brief, we affirm.

## I.  BACKGROUND

On May 21, 2007, Llovera-Linares pled nolo contendere in Florida state court to charges of aggravated fleeing and eluding a law enforcement officer and felony driving under the influence.[1] On June 21, 2007, the state court sentenced Llovera-Linares to a total of five years' imprisonment with no term of probation.

On August 2, 2010, Llovera-Linares was released from state custody. Since his release from Florida state custody, Llovera-Linares has been in federal immigration detention pending his removal from the United States.

In December 2011, Llovera-Linares filed an emergency petition for a writ of coram nobis to vacate his Florida state sentence, pursuant to 28 U.S.C. § 1651. In

---

[1]Llovera-Linares also pled nolo contendere to one count of reckless driving. However, that charge was ultimately dismissed.

January 2012, Llovera-Linares amended his petition and requested that the district court "Vacate a Florida State sentence entered on the date of June 2l, 2007." In his petition, Llovera-Linares raises various challenges to his 2007 state court convictions and sentence, including a claim of ineffective assistance of counsel based on his state trial counsel's failure to warn him of the potential immigration consequences of pleading no contest in state court. In May 2013, Llovera-Linares requested that his petition for a writ of coram nobis be reviewed alternatively as a petition for a writ of habeas corpus pursuant to §§ 2241, 2244, and 2254.

The district court dismissed Llovera-Linares's petition for a writ of habeas corpus because Llovera-Linares was not in state custody and did not allege that he was denied the right to counsel. The district court also dismissed Llovera-Linares's petition for a writ of coram nobis because that writ cannot be used in federal court to attack a state criminal judgment.

Llovera-Linares appeals.

## II. DISCUSSION

We construe pro se briefs liberally. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). So construed, Llovera-Linares argues that the district court erred in dismissing (1) his habeas corpus petition filed under §§ 2241, 2244,

3

and 2254 and (2) his coram nobis petition filed under § 1651.  We consider each argument in turn.

## A.    Petition for a Writ of Habeas Corpus

The availability of federal habeas relief presents a question of law we review de novo.  Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Darby v. Hawk–Sawyer, 405 F.3d 942, 944 (11th Cir. 2005).

A district court may entertain a habeas corpus petition only if a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a).  This "in custody" requirement is jurisdictional. Stacey v. Warden, Apalachee Corr. Inst., 854 F.2d 401, 403 (11th Cir. 1988).  To satisfy the "in custody" requirement, "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490–91, 109 S. Ct. 1923, 1925 (1989).

Llovera-Linares asks this Court to "[v]acate the Florida State sentence entered on . . . June 21, 2007" in Broward County, Florida.  As of August 2010, Llovera-Linares was no longer in state custody or subject to state probation or parole.  And, Llovera-Linares did not file his federal habeas petition until May 2013, which was well after his state custody unconditionally expired.  Because Llovera-Linares was not "in custody" pursuant to his 2007 Florida convictions

4

when he filed his federal habeas petition, the district court lacked subject matter jurisdiction to consider, and thus properly dismissed, Llovera-Linares's federal habeas petitions.[2]  See Stacey, 854 F.2d at 403 (noting that § 2241's "in custody" requirement is jurisdictional); Maleng, 490 U.S. at 490–91, 109 S. Ct. at 1925 (stating that "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed" (emphasis added)).

Llovera-Linares contends that he is "in custody" because he is in federal immigration detention pending his removal from the United States.  However, Llovera-Linares immigration detention is not a direct consequence of his 2007 Florida state court convictions.  Rather, Llovera-Linares's present immigration detention is a collateral consequence of his state court convictions.  See United States v. Campbell, 778 F.2d 764, 767-68 (11th Cir. 1985) (stating that "deportation is a collateral consequence of a guilty plea"), abrogated on other grounds by Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473 (2010).  Because "the collateral consequences of [a] conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas" petition, Llovera-

---

[2]Even if we liberally construe Llovera-Linares's December 2011 coram nobis petition as a petition for a writ of habeas corpus, Llovera-Linares was not "in custody" pursuant to his 2007 Florida convictions at any time after August 2010, which is well before December 2011.  Thus, even viewing Llovera-Linares's December 2011 pro se petition liberally, this Court still would lack subject matter jurisdiction over Llovera-Linares's petition for a writ of habeas corpus.

5

Linares's present immigration detention does not satisfy the "in custody" requirement for federal habeas petitions.  See Maleng v. Cook, 490 U.S. 488, 492, 109 S. Ct. 1923, 1926 (1989) (emphasis added).

## B.    Petition for a Writ of Coram Nobis

We review a denial of coram nobis relief for abuse of discretion.  Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000).

Llovera-Linares seeks a writ of coram nobis vacating his 2007 state court convictions.  Our law is clear, however, that a writ of "coram nobis is not available in federal court as a means of attack on a state criminal judgment."  Theriault v. Mississippi, 390 F.2d 657, 657 (5th Cir.1968); see also Cavett v. Ellis, 578 F.2d 567, 569 n.4 (5th Cir. 1978) (noting that the writ of coram nobis is "unavailable to review state court decisions").[3]  Thus, the district court was correct, and did not abuse its discretion, in dismissing Llovera-Linares's petition for a writ of coram nobis.

## III.  CONCLUSION

The district court's order dismissing Llovera-Linares's petitions for writs of habeas corpus and coram nobis is affirmed.

---

[3]The Eleventh Circuit, in the en banc decision Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**AFFIRMED**.