[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12463
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cv-80376-KAM

JULIEN GARCON,

Plaintiff-Appellant,

versus

STATE OF FLORIDA,
ATTORNEY GENERAL,
JANE DOE,
CRUZ,
WARDEN, FCI WILLIAMSBURG,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 3, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Julien Garcon, a federal prisoner proceeding pro se, appeals the district judge's denial of his petition for a writ of error coram nobis. We affirm.

## I. BACKGROUND

Garcon is currently serving a 120-month sentence of imprisonment for possession of a firearm by a felon. His status as a felon resulted from state armed-robbery convictions. On direct appeal, we affirmed his federal conviction and sentence. *United States v. Garcon*, 349 F. App'x 377 (11th Cir. 2009) (per curiam). He later filed a 28 U.S.C. § 2255 motion, which was denied.

In his petition for a writ of error coram nobis, Garcon challenges the state convictions underlying his federal conviction. In a report and recommendation, the magistrate judge construed the petition as a § 2255 motion, because Garcon essentially was attacking his federal conviction. Since this was Garcon's second § 2255 motion, the magistrate judge recommended dismissing it as second or successive. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). The district judge adopted the report and recommendation and denied Garcon's petition.

## II. DISCUSSION

On appeal, Garcon raises 28 claims that challenge his underlying state convictions, since they were used as a predicate for his federal crime. Because of

2

liberal construction of pro se pleadings, we evaluate whether Garcon is entitled to relief under 28 U.S.C. § 2254, 28 U.S.C. § 2255, or coram nobis.  *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

A. 28 U.S.C. § 2254 Relief

Garcon seeks the invalidation of state convictions, relief generally pursued in a § 2254 habeas petition.  To bring a § 2254 petition, a petitioner must be in state custody.  *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003).  Because Garcon is no longer in state custody, he cannot seek relief under § 2254.  *See Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) (per curiam) ("[A] petitioner who challenges an expired state sentence that was used to enhance his current federal sentence must bring his suit under 28 U.S.C. § 2255.").

B. 28 U.S.C. § 2255 Relief

When a pro se litigant seeks habeas relief through other writs or actions, we construe the request under the appropriate statute.  Pursuant to *Means*, § 2255 is the correct statute.  *See id.*  But we do not construe coram nobis petitions as habeas petitions, when that construction would result in the dismissal of the petition as second or successive.  *See United States v. Garcia*, 181 F.3d 1274, 1275 (11th Cir. 1999) (per curiam).  The district judge correctly interpreted Garcon's challenge to his state convictions as an attack on his federal conviction.  Garcon's petition should not have been construed as a § 2255 motion, because that construction

3

would mean his petition necessarily would be dismissed as second or successive. For those reasons, Garcon did not seek § 2255 relief, to which he would not be entitled.

C. Writ of Error Coram Nobis

"A writ of error *coram nobis* is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody . . . ." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002) (per curiam).  Because Garcon is still in federal custody, he cannot seek coram nobis relief for his federal conviction.  To the extent that Garcon attempts to use this federal coram nobis petition to challenge his state conviction, he is in the wrong forum.  We have recognized coram nobis "is not available in federal court as a means of attack on a state criminal judgment." *Theriault v. Mississippi*, 390 F.2d 657, 657 (5th Cir. 1968) (per curiam).[1]  If Garcon seeks to bring a coram nobis petition to challenge his state conviction, then he must do it in state court.

### III. CONCLUSION

Although the district judge construed Garcon's coram nobis petition as a § 2255 motion, we conclude Garcon was not entitled to coram nobis relief.

**AFFIRMED.**

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.  *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).