[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14661
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cv-60625-RNS

RAFAEL LLOVERA,

Petitioner-Appellant,

versus

STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 11, 2014)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Rafael A. Llovera, a released state prisoner proceeding pro se, appeals the

denial of his motion for a preliminary injunction in his habeas corpus and *coram nobis* action.

In March 2013, Llovera filed pro se what was construed as an emergency petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, against the State of Florida. Later that month, Llovera filed an an "Addendum To Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, or 28 U.S.C. § 2244, or 28 U.S.C. § 2254 or Exceptional Writ of Certiorari under All Writs Act[,] 28 U.S.C. § 1651," raising: (1) various challenges to his state convictions and sentences; and (2) a claim of ineffective assistance of counsel based on his trial counsel's failure to challenge his unlawful arrest. In April 2013, Llovera moved to voluntarily strike his original emergency habeas petition, and asked the district court to limit its review to the addendum. Llovera's motion was granted and a magistrate judge instructed the State to respond solely to the addendum.

A review of the State's response reveals that, in 2005, Llovera pleaded no contest to one count of aggravated fleeing and eluding an officer, and one count of felony driving under the influence. Based on his pleas, he was sentenced to a total of five years' imprisonment in 2007. On his own admission, Llovera was later released from state custody in August 2010.

Given that he was no longer in state custody, the State argued that the petition should be dismissed for lack of jurisdiction. In June 2013, Llovera filed

another addendum, making additional arguments for habeas relief.  Llovera also filed a motion to expedite the handling of his case, on the basis that he had been detained by Immigration and Customs Enforcement (ICE) since 2010, which the magistrate judge later summarily denied, noting that the case would be reviewed in turn.

In August 2013, Llovera filed a "motion for preliminary injunction" in the district court.  Llovera first requested that the district court compel the Office of the U.S. Attorney General or the Florida Department of Law Enforcement to initiate a criminal investigation against officers for a 2005 shooting.  On August 5, 2005, after evading police by motor vehicle, Llovera was shot in the abdomen by a sheriff in the Broward County Sheriff's Office (BCSO).  He was subsequently arrested and convicted of several crimes in state court.

Llovera's motion further requested that the court or some other federal or state law enforcement official certify his petition or application for a U-Visa because, as an alien who was a victim of a "qualifying crime," he was willing to cooperate with law enforcement in the investigation or prosecution of his wrongful shooting.

The district court denied the motion for a preliminary injunction, determining that Llovera failed to meet the requirements for granting preliminary relief.  The magistrate judge stated that Llovera had previously challenged the

denial of his motion for U-Visa status in 2011, pursuant to a petition for writ of error *coram nobis*, which the district court dismissed for lack of jurisdiction, noting that Llovera had neither a constitutional nor a statutory right to either a status certification or to a U-Visa itself. Taking judicial notice of the district court's prior determinations regarding Llovera's U-Visa status, the magistrate judge concluded that the instant claim was similarly without merit.

The magistrate judge further stated that Llovera had also previously asserted several claims against the BCSO officers in relation to his 2005 shooting, pursuant to a 2012 emergency petition for writ of habeas corpus, 28 U.S.C. § 2254, or petition for a writ of error *coram nobis* to vacate his state sentences. In that case, the district court denied the claims in an order entered on July 23, 2012. Specifically, the court concluded that *coram nobis* relief was unavailable because Llovera was not challenging federal convictions. Habeas relief was unavailable under 28 U.S.C. § 2254 because the petition was both time-barred and procedurally barred, given that Llovera was no longer in state custody. Accordingly, the magistrate judge here determined that, in light of the district court's prior rulings surrounding the 2005 shooting, and the fact that the decision to initiate any investigation against the officers rested with the Federal Bureau of Investigations (FBI), Llovera was not entitled to injunctive relief on that claim. Although instructed to do so by the magistrate judge, Llovera did not file any objections to

4

the Report and Recommendation (R&R).  After the notice of appeal was filed,

Llovera continued to litigate the case before the district court, including submitting

a third addendum to his habeas corpus or *coram nobis* petition.

Now on appeal, Llovera reiterates his requests for relief, asserting that the

district court's decision was against the weight of the evidence.  Upon review of

the record and consideration of Llovera's brief, we affirm.[1]

We generally review the denial of a preliminary injunction for abuse of

discretion, reviewing the court's factual findings for clear error and its legal

conclusions de novo.  *Scott v. Roberts*, 612 F.3d 1279, 1289–90 (11th Cir. 2010).

We consider four factors to determine if preliminary relief is warranted:

(1) whether there is a substantial likelihood that the party applying for
preliminary relief will succeed later on the merits; (2) whether the
applicant will suffer an irreparable injury absent preliminary relief; (3)
whether the harm that the applicant will likely suffer outweighs any
harm that its opponent will suffer as a result of an injunction; and (4)
whether preliminary relief would disserve the public interest.

*Scott*, 612 F.3d at 1290.  A preliminary injunction, moreover, "is an extraordinary

and drastic remedy not to be granted unless the movant clearly establishes the

burden of persuasion as to the four requisites."  *Forsyth Cnty. v. U.S. Army Corps

of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011) (internal quotation marks

omitted).

Here, the district court did not abuse its discretion in denying Llovera's

---

[1] The state has not filed a brief in this appeal.

5

motion for a preliminary injunction because Llovera failed to show a substantial likelihood of success on the merits. *See Scott*, 612 F.3d at 1290. Preliminarily, the district court had already denied, dismissed, or rendered meritless the same or similar claims relating to Llovera's 2005 shooting and U-Visa status or certification in his prior actions for habeas corpus and *coram nobis* relief. Moreover, those prayers for injunctive relief had no logical relationship to the substantive habeas and *coram nobis* claims in this lawsuit, and the district court did not abuse its discretion in failing to rewrite Llovera's claims for him. Indeed, Llovera sought relief against officials who were not named or served as parties to the proceeding. Accordingly, the district court is affirmed as to this issue.

Although this case is before us on an appeal from a denial of a motion for a preliminary injunction, we will address the merits of Llovera's case. "As a general rule, when an appeal is taken from the grant or denial of a preliminary injunction, the reviewing court will go no further into the merits than is necessary to decide the interlocutory appeal." *Callaway v. Block*, 763 F.2d 1283, 1287 n.6 (11th Cir. 1985). However, 28 U.S.C. "[§] 1292(a)(1) . . . grants the courts jurisdiction to reach the merits, at least where there are no relevant facts at issue and the matters to be decided are closely related to the interlocutory order being appealed." *Id.* This court may review the underlying merits on an appeal from an order granting or denying a preliminary injunction where the "district court's

ruling rests solely on a premise as to the applicable rule of law, and the facts are established or of no controlling relevance." *Solantic, LLC v. City of Neptune Beach*, 410 F.3d 1250, 1274 (11th Cir. 2005) (internal quotation marks omitted).

The facts of this case are simple and straightforward, and the record needs no expansion. Llovera is ineligible for *coram nobis* relief. A writ of error *coram nobis* is available to vacate a conviction after the petitioner has served his sentence. *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002) (per curiam). However, *coram nobis* is not available in federal courts as a means to attack state criminal judgments. *Theriault v. Mississippi*, 390 F.2d 657, 657 (5th Cir. 1968) (per curiam); *see also Cavett v. Ellis*, 578 F.2d 567, 569 n.4 (5th Cir. 1978) (noting that the writ of *coram nobis* is "unavailable to review state court decisions").[2] Llovera seeks to challenge state, not federal, convictions in the instant petition. Accordingly, he is ineligible for *coram nobis* relief. *See Theriault*, 390 F.2d at 657.

Likewise, § 2254 does not provide an avenue for relief. In order to bring a habeas action, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490–92, 109 S. Ct. 1923, 1925–26 (1989). This "in custody"

---

[2] This Court, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

requirement is jurisdictional. *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988). The Supreme Court has interpreted § 2241 as requiring a habeas petitioner to be "in custody" under the conviction or sentence he seeks to attack at the time his petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S. Ct. 1556, 1560 (1968). When a prisoner's sentence has fully expired, he is not "in custody" as required by § 2241, and the mere possibility that the prior conviction will be used to enhance a sentence imposed for any subsequent crimes is not enough to render him "in custody." *Maleng*, 490 U.S. at 492, 109 S. Ct. at 1926. Because Llovera is no longer in custody for purposes of federal habeas relief, his claim fails. *See Maleng*, 490 U.S. at 492, 109 S. Ct. at 1926; *Carafas*, 391 U.S. at 238, 88 S. Ct. at 1560.

Because he necessarily cannot prevail on the merits in his underlying action, Llovera has also failed to meet his burden to show preliminary injunctive relief was warranted in his case.[3] In any event, the district court did not abuse its discretion in failing to grant unjustified injunctive relief against non-parties. Therefore, we affirm the district court's denial of Llovera's motion for a preliminary injunction.

**AFFIRMED.**

---

[3] Because Llovera has failed to show a substantial likelihood of success on the merits, we need not address whether he met the three remaining requisites for preliminary relief.