[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10875
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-22002-RNS


RAFAEL ALBERTO LLOVERA LINARES,

Petitioner-Appellant,

versus

DEPARTMENT OF HOMELAND SECURITY,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 15, 2015)

Before WILSON, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Rafael Alberto Llovera-Linares, a detained, undocumented immigrant proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas petition.  Llovera-Linares also argues on appeal that the district court erred by dismissing his challenge to the underlying removal order and related administrative proceedings.  Upon review of the record and consideration of the parties' briefs, we reject Llovera-Linares's arguments and affirm the district court for the reasons set forth below.

## I.

After finding Llovera-Linares removable both because he overstayed his authorized time in the United States and because he was convicted of an aggravated felony, an Immigration Judge (IJ) issued an order of removal in May 2011.  The Board of Immigration Appeals (BIA) affirmed the order of removal on appeal shortly thereafter.

Llovera-Linares did not seek judicial review of the BIA's decision; instead, Llovera-Linares sought reconsideration of the removal order, which the BIA denied.  In an order issued in early 2013, we dismissed Llovera-Linares's petition for review of the underlying decision as untimely.  *See Llovera-Linares v. U.S.*

*Att'y Gen.*, No. 11-15108 (11th Cir. 2013) (per curiam) (unpublished). The present filing followed.[1]

## II.

In appealing the district court's dismissal of his 28 U.S.C. § 2241 habeas petition, Llovera-Linares argues that he demonstrated that his continued detention more than six months after his removal order became final was unlawful.

When an undocumented immigrant is ordered removed, the Attorney General is generally required to remove the individual from the United States within 90 days. *See* 8 U.S.C. § 1231(a)(1)(A). The removal period can extend beyond the 90-day period and the individual may remain in detention, however, "during such extended period if the [individual subject to removal] fails or refuses to make timely application in good faith for travel or other documents necessary to [his or her] departure or conspires or acts to prevent [his or her] removal subject to an order of removal." *Id.* § 1231(a)(1)(C); *see Akinwale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002) (per curiam) (noting that federal law authorizes detention beyond the ordinary 90-day removal period for undocumented immigrants removable for violations of criminal law).

---

[1] Llovera-Linares's litigation history following the removal order is extensive and not repeated here for the sake of brevity. For example, his filings before this Court alone include fifteen review petitions—ten petitions challenging district court actions and five petitions challenging his final removal order—all of which have challenged his removal order, his detention, and sought either a stay or an injunction barring removal from the United States.

In *Zadvydas v. Davis*, the Supreme Court held that six months was a presumptively reasonable period of time to allow the government to remove an undocumented immigrant after the removal period commences.  533 U.S. 678, 701, 121 S. Ct. 2491, 2505 (2001).  After this time, upon the provision of "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must rebut that showing.  *Id.*  If removal is not reasonably foreseeable, the continued detention is unauthorized and unreasonable.  *Id.* at 699–700, 121 S. Ct. at 2504.

Here, the district court did not err by dismissing Llovera-Linares's § 2241 petition.  Llovera-Linares's "acts to prevent [his] removal subject to an order of removal," which have taken the form of refusing to board a plane, failing to exit transport at the airport, and declining to provide a signature and thumbprint in order to certify travel documents, extended the removal period beyond the 90 days following the finalization of his removal order.  *See* 8 U.S.C. § 1231(a)(1)(C).

In contrast to the petitioner in *Zadvydas*, 533 U.S. at 684, 121 S. Ct. at 2496, who was refused entry by potential receiving countries, here, the Venezuelan Consulate has repeatedly provided travel documents and does not appear to have refused entry to Llovera-Linares.  In fact, the record shows, and Llovera-Linares does not dispute, that the government has attempted to repatriate him five times since his removal order became final in 2011, and he admits that his obstructive

actions, failure to cooperate, and frequent litigation[2] are the only reasons he remains in the United States.  Consequently, Llovera-Linares has been the sole obstruction to his own removal.  *See id.*  Thus, Llovera-Linares cannot demonstrate that "there is no significant likelihood of removal in the reasonably foreseeable future," as there is a significant likelihood that he will be removed as soon as he ceases obstructing the government's efforts to remove him.  *See id.* at 684–85, 121 S. Ct. at 2496; *Akinwale*, 287 F.3d at 1052.  Llovera-Linares's procedural and substantive due process claims were both grounded in the government's alleged violation under *Zadvydas*, and he has failed to demonstrate a violation of the law to support these claims.  As such, the district court properly declined to grant Llovera-Linares's § 2241 petition for habeas relief under *Zadvydas*, and we affirm in that respect.

## III.

Llovera-Linares also argues on appeal that he is entitled to suspension of deportation and withholding of removal, but he does not address the district court's

---

[2] Indeed, Mr. Llovera-Linares has used every litigation tool at his disposal to prevent his removal from the United States.  As recently as March 27, 2014, we denied his previous petition for writ of habeas corpus on grounds alternative to the ones presented here.  *See Llovera-Linares v. Florida*, 559 F. App'x 949, 952 (11th Cir.) (per curiam), *cert. denied,* 135 S. Ct. 255 (2014).  He has further filed petitions for review and requests for stays of removal in other courts—both district and appellate—across the United States. *See generally Llovera v. Florida*, No. 13-60799, 2014 WL 1384368, at **3–4 & n.3 (S.D. Fla. Apr. 9, 2014) (setting forth some of the numerous actions in which Llovera-Linares has attempted to defeat removal).

jurisdictional findings related to his challenges to the IJ's removal order and the underlying immigration proceedings.  The district court dismissed these challenges because it lacked jurisdiction to review the removal proceedings.

We review jurisdictional issues de novo.  *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (per curiam).  The filing of a petition for review in the court of appeals is "the sole and exclusive means for judicial review of an order of removal."  *See* 8 U.S.C. § 1252(a)(5).  Furthermore, no court shall have jurisdiction under § 2241 to review questions of law or fact "arising from any action taken or proceeding brought to remove an [undocumented immigrant] from the United States."  8 U.S.C. § 1252(b)(9).

As an initial matter, Llovera-Linares has abandoned, by failing to brief, any argument as to the district court's decision that it lacked jurisdiction over his claims related to his order of removal and related administrative immigration proceedings.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) (noting that, despite our liberal construction of pro se pleadings, a pro se litigant who fails to make a substantive argument on an issue in his or her brief abandons that issue on appeal).  However, even if Llovera-Linares had raised any argument with regard to the district court's jurisdictional finding, a petition for review is the sole means to challenge an agency order of removal; thus, the district

court properly dismissed this claim for lack of jurisdiction.[3]  *See* 8 U.S.C. § 1252(a)(5), (b)(9).

Accordingly, the district court did not err when it dismissed Llovera-Linares's challenges to his final order of removal for lack of jurisdiction, nor did it err when it denied his requests for injunctive relief on the same ground, and we affirm in this respect as well.

## IV.

The district court did not err by dismissing Llovera-Linares's § 2241 petition because his failure to cooperate presented the only obstacle to his removal, and his continued detention pending removal was therefore lawful.  The district court also correctly found that it lacked jurisdiction to review Llovera-Linares's administrative immigration proceedings when considering a habeas petition, and, therefore, it did not err by dismissing those challenges.  Consequently, we affirm the dismissal of Llovera-Linares's § 2241 petition.

**AFFIRMED.**

---

[3] This lack of jurisdiction applies not only to the claim included in the § 2241 habeas petition, but also to the several motions for injunctive relief from the removal order that Llovera-Linares filed in conjunction with the instant petition.  *See Doe v. Fed. Aviation Admin.*, 432 F.3d 1259, 1260 (11th Cir. 2005) (vacating an injunction and remanding with an order to dismiss where a district court lacked subject matter jurisdiction over the underlying claim).